Danny GRIMES and Kristi Grimes, Individually and on Behalf of the Estate of Keeli A. Grimes, Plaintiffs–Appellants,

v.

PEARL RIVER VALLEY WATER SUPPLY DISTRICT, Defendant–Appellee.

No. 91–1137
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 6, 1991.

---

Roderick D. Ward, III, Lance L. Stevens, Schwartz & Associates, James D. Bell, Bell & Collins, Jackson, Miss., for plaintiffs-appellants.

Robert H. Pedersen, Watkins & Eager, Jackson, Miss., for defendant-appellee.

Before GARZA, JOHNSON and DUHÉ, Circuit Judges.

GARZA, Circuit Judge:

Plaintiffs brought suit against the Pearl River Valley Water Supply District for the wrongful death of their daughter. The defendant filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss which was granted. Finding no merit in any of the plaintiffs' assertions, we affirm.

## FACTS AND PRIOR PROCEEDINGS

Plaintiffs sued under the Fourteenth Amendment to the United States Constitution, Mississippi's wrongful death statute, Mississippi Code Annotated section 11–7–13, and The Constitution of the State of Mississippi, Article III, Section 24. The plaintiffs seek $2.5 million for the death of their daughter who drowned in the Pearl River while on a family outing. Suit was

originally brought in state court and was removed to federal court by the defendant, Pearl River Valley Water Supply District (hereinafter "Pearl River Water District" or "PRWD"). Defendant filed a motion to dismiss the plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6). The motion was granted by the district court and this appeal follows.

The facts of this case are not in dispute. Plaintiffs are the parents of the decedent Keeli A. Grimes. Defendant Pearl River Water District is an agency of the state of Mississippi which owns and maintains the Lowhead Dam on the Pearl River. On August 10, 1985, Keeli Grimes, her mother and Grover Grimes were riding in an outboard motorboat on the Pearl River when the boat struck a submerged object and the motor stopped. Before the motor could be restarted, the boat went over the dam and capsized, resulting in the drowning death of Keeli. Although the Pearl River Water District had installed a cable and several warning signs to help prevent this type of accident, the cable and signs were not maintained and did not exist on the day in question. Pearl River Water District admits it failed to keep the cable and signs at that part of the waterway in reasonably safe condition.

## THE LAW

Our review of a 12(b)(6) dismissal is de novo. *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 276 (5th Cir.1990). On appeal, plaintiffs raise two issues with regard to the sovereign immunity of the PRWD. First, that the sovereign immunity scheme violates the Mississippi Constitution, and second, that the scheme violates the United States Constitution. Both arguments fail.

### The Mississippi Constitution

■ Article III, Section 24 of the Mississippi Constitution of 1890 contains a "reme-dy clause" which reads in pertinent part "every person for an injury done him ... in his person ... shall have remedy by due course of law." Plaintiffs contend the Mississippi sovereign immunity statute[1] violates this provision of the Mississippi Constitution. The district court did not agree and neither do we.

A little background of the law of Mississippi is essential to this issue. In 1985, the Mississippi Legislature responded to a Mississippi Supreme Court ruling which abolished judicial sovereign immunity, *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss. 1982), by enacting Miss.Code Ann. § 11–46–6 (Supp.1990), the Mississippi sovereign immunity statute. This statute provides that claims against the State and its agencies shall continue to be governed by the Mississippi case law as it existed immediately prior to the decision in *Pruett*. The Mississippi Supreme Court has specifically held Pearl River Water District is immune from wrongful death damages claims. *French v. Pearl River Valley Water Supply District*, 394 So.2d 1385 (Miss.1981).

Plaintiffs contend we must find the statute unconstitutional because it is in conflict with the "remedy clause" of the Mississippi Constitution. They cite us no authority, however, and argue solely on principles of justice. The statute is not in conflict with the constitutional provision. The Mississippi Constitution places no limitation on the Mississippi Legislature's ability to enact legislation. The *Pruett* opinion suggested the proper forum to address complaints regarding immunity of the sovereign is the legislature. *Pruett*, 421 So.2d at 1051. The basic principle of sovereign immunity is that the "king can do no wrong". Consequently, the state is free from any liabilities unless it carves an exception. These exceptions come in the form of tort claims acts. The Mississippi Legislature has carved no such exception for this type of suit against the Pearl River Water District, and the "remedy clause" of the Mississippi

---

**1.** Section 11–46–6 of the Mississippi Code Annotated states in part that the sovereign immunity of political subdivisions, such as the Pearl River Water District, "shall continue to be governed by the case law governing sovereign immunity as it existed immediately prior to the decision in the case of *Pruett v. City of Rosedale,* 421 So.2d 1046 (Miss.1982), and by the statutory law governing sovereign immunity in effect from and after the passage of Chapter 474, Laws of 1985."

Constitution does not require them to do so. Consequently, plaintiffs claims under the Mississippi Constitution must fail.

### The United States Constitution

Plaintiffs also contend the statutory scheme created by the Mississippi Legislature violates the United States Constitution. Namely, the Equal Protection and Due Process Clauses of the Fourteenth Amendment· are violated along with the separation of powers doctrine. Once again, we disagree with plaintiffs.

■ The Equal Protection argument made by plaintiffs is unique. They argue that the state has created an impermissible class of persons. The class consists of those individuals who are injured by a political subdivision of the state and are not afforded a remedy. This class differs from those individuals who are injured by a political subdivision of the state and are allowed to pursue a remedy. Because the plaintiffs do not constitute a class which would require use of strict or intermediate scrutiny, we use the rational relationship test when evaluating the constitutionality of the Mississippi sovereign immunity statute. *See, e.g., Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976) (employing the rational-basis standard).

At least two circuit courts have held an immunity statute does not violate the Equal Protection Clause merely because immunity is granted to some agencies or parties and not to others. *See Kranson v. Valley Crest Nursing Home*, 755 F.2d 46 (3d Cir.1984); *Aubertin v. Board of City Comm'rs*, 588 F.2d 781 (10th Cir.1978). It is rational for the legislature to provide sovereign immunity to the PRWD in order to advance the legislative purpose of the agency (§ 51–9–103) or because the agency's source of revenue is limited and must be used for purposes prescribed by the legislature (§§ 51–9–121, 125, 131, 133–39, 141–47). Plaintiffs have not shown us how this scheme is irrational and we cannot conceive how they could meet this burden. Accordingly, the statutory scheme does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

■ The Due Process Clause is violated, according to plaintiffs, because the sovereign immunity statute prevents then from prosecuting their claims against the PRWD for the death of their daughter. This claim, being deprived of your day in court, involves the concept of Procedural Due Process. To prevail, plaintiffs must prove (1) they were deprived of a protected property interest and (2) they were denied the process due them. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982).

Plaintiffs brief on this issue almost entirely complains that sovereign immunity is an unjust doctrine and should be abolished. They cite law reviews, treatises and other legal authority for support. What they fail to tell us is the property interest of which they were deprived. We assume, as do defendants, the property interest to which they are referring is the right to bring a wrongful death action on behalf of their now deceased daughter. Property interests are created and defined by state law. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Although the state wrongful death statute may have created this cause of action or property interest, the sovereign immunity statute defined the property interest. In essence, the property interest involved in the case at bar is not protected because the PRWD is the defendant. State law does not allow suit against the PRWD. *See French*, 394 So.2d at 385.

Further, even if there were a protected property interest, plaintiffs were not deprived the process that was due them. They had plenty of opportunity to contest the sovereign immunity scheme during the legislative process. The legislature provided all the process that was due. *See Logan*, 455 U.S. at 432–33, 102 S.Ct. at 1155–56 (citing *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980)). Consequently, no violation of Procedural Due Process occurred.

Finally, plaintiffs assert the Mississippi sovereign immunity statute is a violation of the separation of powers doctrine of the United States Constitution. The sovereign immunity statute handcuffs the courts according to plaintiffs because *Pruett* stated "All previous opinions of this Court upholding immunity of the sovereign are hereby overruled." *Pruett*, 421 So.2d at 1052. The legislature revived these opinions in the statute, however, and plaintiffs claim a violation of the separation of powers doctrine.

Plaintiffs have provided us with no authority, and we can find nothing in the *Pruett* decision or the enactment of the sovereign immunity statute, which would violate the nondelegation doctrine of the separation of powers principle. Nothing prohibits the legislature from fashioning the statute in the manner they followed. Consequently, plaintiffs cannot prevail on this point either.

### CONCLUSION

No arguments were presented by the plaintiffs which would lead us to reverse the decision of the lower court. We are saddened by the accident that occurred, but the law is the law and we merely interpret that which is made for us to interpret. The district court did not err and therefore is

AFFIRMED.