655 So.2d 866 (1995)
Lucinda ROBINSON
v.
J.C. STEWART and Jackson State University.
No. 91-CA-00454-SCT.
Supreme Court of Mississippi.
April 20, 1995.
Rehearing Denied June 22, 1995.
G. Joseph Diaz, Jr., John D. Giddens, Cherry Givens Peters Lockett & Diaz, Jackson, Allen G. Woodard, Andalusia, AL, for appellant.
Michael C. Moore, Atty. Gen., Carole Brand Edds, Sp. Asst. Atty. Gen., Richard A. Compere, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PRATHER, Presiding Justice, for the Court:

I. STATEMENT OF THE CASE
In this case, this Court addresses the question  is Presley v. Mississippi State Highway Com., 608 So.2d 1288 (Miss. 1992) to be retroactively applied? The answer is no.
*867 This case is a constitutionality challenge to the post-Pruett series of sovereign immunity statutes, Miss. Code Ann. § 11-46-1, et seq., where the injury occurred before our decision in Presley. Lucinda Robinson appeals from a dismissal granting the defendant's motion under Miss.R.Civ.P. 12(b)(6). Robinson sued Jackson State University [hereinafter JSU] and one of its employees, J.C. Stewart, for personal injuries she received in an accident involving her vehicle and a van owned by JSU and driven by Stewart. The defendants invoked the doctrine of sovereign immunity under Miss. Code Ann. § 11-46-1, et seq.
Robinson contends that the circuit judge erred in granting defendant's motion to dismiss, under these assertions of error:
1) DOES THE PRINCIPLE OF SOVEREIGN IMMUNITY, AS ENACTED BY THE LEGISLATURE, VIOLATE THE REMEDY CLAUSE OF THE MISSISSIPPI STATE CONSTITUTION?
2) DOES THE PRINCIPLE OF SOVEREIGN IMMUNITY, AS ENACTED BY THE LEGISLATURE, VIOLATE THE DUE PROCESS CLAUSE OF THE MISSISSIPPI STATE CONSTITUTION?
3) DOES THE PRINCIPLE OF SOVEREIGN IMMUNITY, AS ENACTED BY THE LEGISLATURE, VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION?
4) DID THE COURT ERR IN DISMISSING J.C. STEWART FROM THE SUIT?

II. STATEMENT OF FACTS
On February 4, 1989, Lucinda Robinson, while driving her vehicle on Interstate 55 near Gallman in Copiah County, was injured when she collided with an automobile driven by J.C. Stewart, then an employee of Jackson State University.
On January 25, 1991, Robinson filed a complaint against Stewart and JSU. She alleged that Stewart acted in the scope and course of his employment with JSU during the accident, and that JSU was liable for his negligence under respondeat superior.
On March 18, 1991, JSU moved to dismiss the action, claiming that it was an agency of the State of Mississippi and immune from suit under sovereign immunity. Robinson filed a response to the motion to dismiss. Robinson responded by stating among other things that (1) the doctrine of sovereign immunity was abolished in Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982); and (2) § 11-46-6 is unconstitutional because it violates the Remedy Clause of the Mississippi Constitution and the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.
On April 10, 1991, the Circuit Court of Hinds County, First Judicial District, entered an order dismissing the action with prejudice under Miss.R.Civ.P. 12(b)(6). Feeling aggrieved, Robinson has appealed this dismissal to this Court.

III. DISCUSSION
This case is before us on a dismissal under Miss.R.Civ.P. 12(b)(6). We affirm, under de novo review, only if "beyond doubt," the plaintiff can show no "set of facts in support of his claim which would entitle him to relief." Tucker v. Hinds County, 558 So.2d 869, 872 (Miss. 1990).
It seems implicit from the short record before us that sovereign immunity was the basis for dismissal of this action. Without so stating, the trial court agreed that Robinson could prove no set of facts to support her claim of negligence because Jackson State University, as an agency of the State of Mississippi, is immune from suit under sovereign immunity. If the statutes assailed here are constitutional, JSU was entitled to dismissal as a matter of law.
In the case at bar, the matter of law presented for appellate review is whether § 11-46-1 et seq. violated Robinson's constitutional rights. This Court will strike down a statute as unconstitutional only if it appears so beyond a reasonable doubt. Anderson v. Fred Wagner and Roy Anderson, Jr., Incorporated, 402 So.2d 320, 321 (Miss. 1981).

*868 1) DOES THE PRINCIPLE OF SOVEREIGN IMMUNITY VIOLATE THE REMEDY CLAUSE OF THE MISSISSIPPI STATE CONSTITUTION?
The Mississippi Constitution provides that a remedy shall be available in the courts for every injury. Miss. Const. art. III, § 24. Robinson argues that the principle of sovereign immunity, as codified in Miss. Code Ann. § 11-46-1 et seq., violates this provision of our state's constitution.
This Court declared the codified principle of sovereign immunity unconstitutional in 1992, as violating two separate sections of the Mississippi Constitution. Presley v. Mississippi State Highway Com., 608 So.2d 1288, 1290-96 (Miss. 1992) (applying Miss. Const. arts. IV, § 61, art. VI, § 144). Robinson attacks those statutes under the Remedy Clause, which this Court did not address in Presley.[1]
This Court did not clearly address in Presley the question of its application being retroactive or prospective. This Court has indirectly answered this question several times. Justice McRae, writing for an en banc Court, stated that only a plurality of the Court supported Part II of Presley, holding for a retroactive application, which led to the conclusion that Presley gave no precedential value for a retroactive application. Churchill v. Pearl River Basin Dev. Dist., 619 So.2d 900, 904 (Miss. 1993).
This Court again held later that Presley had no retroactive application. Morgan v. City of Ruleville, 627 So.2d 275, 278 (Miss. 1993). The Court remanded this case with instructions to follow pre-Pruett law. Morgan, 627 So.2d at 278-79. This Court later used Part II of Presley in Coplin v. Francis, 631 So.2d 752, 755 (Miss. 1994). The Coplin Court reached the same conclusion as Morgan, by denying the retroactive application of Presley. Coplin, 631 So.2d at 755. This Court reached its result through the different means of applying, instead of refusing to apply, Part II of Presley. Id.
What observers should note is our consistency in refusing to apply Presley retroactively, as opposed to the means in which we achieved our end. What we have stated indirectly we now say directly. Presley has no retroactive application. Having answered how Presley applies, it is now time to address why Presley applies only prospectively in light of the Remedy Clause.
This Court has recently held that limitations upon suits against governmental entities are proper. Wells v. Panola County Bd. of Educ., 645 So.2d 883, 890-92 (Miss. 1994). The Wells Court focused on damage limitations as being unconstitutional under the Remedy Clause. Wells, 645 So.2d at 889-90. The Wells Court did state that since the plaintiff had no right of recovery at common law, the legislature infringed on no remedy or property right. Id. at 890. The Wells Court did not focus on the absolute bar which is sovereign immunity. However, this case is the first occasion in which this Court has reviewed a Remedy Clause attack against any part of the post-Pruett sovereign immunity plan.
The United States Court of Appeals for the Fifth Circuit has done this analysis. In Grimes v. Pearl River Valley Water Supply Dist., the Fifth Circuit held that the post-Pruett legislative enactments of Miss. Code Ann. § 11-46-6 survive Remedy Clause scrutiny. Grimes v. Pearl River Valley Water Supply Dist., 930 F.2d 441, 443-44 (5th Cir.1991). The Grimes Court found no conflict between these enactments and the Mississippi *869 Constitution's Remedy Clause. Grimes, 930 F.2d at 443.[2] The court reasoned that our state's constitution erects no barriers against legislation. Id. The court reasoned that even Pruett stated that the proper forum for sovereign immunity's resolution was with the legislature. Id. The court recognized that Mississippi had enacted sovereign immunity with its actions. Id. The Remedy Clause did not expressly conflict with sovereign immunity or require exceptions to sovereign immunity. Id. at 443-44. As the ultimate interpreter of the Mississippi Constitution, this Court holds that it is the legislative branch's prerogative to address limitations upon suits against government entities. Wells, 645 So.2d at 889.
Furthermore, this Court has upheld other complete statutory bars to recovery, under the remedy clause. Anderson v. Fred Wagner and Roy Anderson, Jr., Inc., 402 So.2d 320, 321-24 (Miss. 1981). In light of Anderson, Robinson cannot state that the remedy clause provides an absolute guarantee for a trial.

2) DOES THE PRINCIPLE OF SOVEREIGN IMMUNITY, AS ENACTED BY THE LEGISLATURE, VIOLATE THE DUE PROCESS CLAUSE OF THE MISSISSIPPI STATE CONSTITUTION?
Robinson complains that the legislature's deferral of her right to sue the state is a violation of due process. See Miss. Const., art. III, § 14. However, this Court has noted that the Immunity Act, Miss. Code Ann. § 11-46-1 et seq., as enacted by the post-Pruett legislature, has continually protected the state against suit. Richardson v. Rankin County Sch. Dist., 540 So.2d 5, 8 (Miss. 1989) (not ruling on constitutional grounds). Prior to Pruett, common law allowed no right to sue against the government. Wells v. Panola County Bd. of Educ., 645 So.2d at 891.
A due process violation requires the infringement of a liberty or property right. Tucker v. Hinds County, 558 So.2d 869, 873 (Miss. 1990) (holding possession of property interest protected by Mississippi Due Process Clause necessary to pierce sovereign immunity). As the legislature has withheld that right through its statutes, there is no property right to sue the state. No due process violation of the Mississippi Constitution has therefore occurred.

3) DOES THE PRINCIPLE OF SOVEREIGN IMMUNITY, AS ENACTED BY THE LEGISLATURE, VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION?
Our discussion above explains the lack of maturity in the right to sue the state. The Fifth Circuit also makes a convincing case against the formation of a property interest in this case. Grimes v. Pearl River Valley Water Supply Dist., 930 F.2d 441, 444 (5th Cir.1991). The Grimes Court holds that state law defines property interests in this case. Grimes, 930 F.2d at 444, (citing Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d. 548, 561 (1972)). Since the Mississippi legislature has refused to allow an exception to overcome sovereign immunity, the Grimes Court held no entitlement to sue the state existed. With no entitlement of a property right, Robinson has not suffered a deprivation of any interest, which would trigger due process analysis. Grimes, 930 F.2d at 444.

4) DID THE COURT ERR IN DISMISSING J.C. STEWART FROM THE SUIT?
The order of dismissal also terminated Robinson's claim against J.C. Stewart, the driver. The complaint alleged that Stewart was acting in the scope and course of his employment with JSU at the time of the accident, that Stewart was negligent, and that his negligence caused Robinson's injuries.
This Court does not need to reach a decision on Stewart's immunity from suit. We find under the record that service of process was never obtained on Stewart. Service of process gives the reasonable notice necessary for the existence of personal jurisdiction. *870 Noble v. Noble, 502 So.2d 317, 320 (Miss. 1987). This Court has held defects in procedure impacting on notice are not permissible. Powell v. Powell, 644 So.2d 269, 272-74 (Miss. 1994).

IV. CONCLUSION
The Mississippi Legislature's post-Pruett legislative enactments do not offend the remedy clause. In addition, Robinson has demonstrated no property interest under the state or federal constitutions requiring due process scrutiny. As to Stewart, Robinson's failure to perform a service of process upon him deprives the lower court of jurisdiction. Accordingly, the lower court was correct to dismiss both defendants.
JUDGMENT IS AFFIRMED.
DAN M. LEE, P.J., and PITTMAN, JAMES L. ROBERTS and SMITH, JJ., concur.
HAWKINS, C.J., specially concurs with separate written opinion joined by JAMES L. ROBERTS and SMITH, JJ.
SULLIVAN, J., dissents with separate written opinion.
BANKS and McRAE, JJ., not participating.
HAWKINS, Chief Justice, specially concurring:
I concur. If there was any question as to whether Presley v. Mississippi State Highway Commission, 608 So.2d 1288, 1300-1301 (Miss. 1992), was retroactive or prospective, it was settled in Coplin v. Francis, 631 So.2d 752, 755 (Miss. 1994) (McRae, J., Sullivan, J., and Lee, P.J., dissenting, 631 So.2d at 756-758). As the majority and dissenting opinions in Coplin clearly show, this Court there applied Presley prospectively. It follows that Jackson State University on February 4, 1989, the date of the accident, enjoyed sovereign immunity.
JAMES L. ROBERTS and SMITH, JJ., join this opinion.
SULLIVAN, Justice, dissenting:
The majority incorrectly holds that sovereign immunity does not violate the "remedy clause" of the Mississippi Constitution. Moreover, because I believe the decision in Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (Miss. 1992), should apply retroactively, I respectfully dissent.
The majority relies on Anderson v. Fred Wagner and Roy Anderson, Jr., Inc., 402 So.2d 320, 321-24 (Miss. 1981), for the assertion that "this Court has upheld other complete statutory bars to recovery, under the remedy clause." The majority further reasons that "[i]n light of Anderson, Robinson cannot state that the remedy clause provides an absolute guarantee for a trial." (Majority Opin. at 869) The statute at issue in Anderson, Miss. Code Ann. § 15-1-41 (1972), however, is not a complete bar to recovery. In fact, we characterized the statute at issue in that case as follows:
Statutes similar to that here involved are commonly called statutes of repose because they relax the potential liability of possible defendants. Approximately forty-seven (47) states and the District of Columbia have enacted such statutes, and it has been noted that "[w]hile the statutes thus enacted are not uniform in content, the purpose for which they were enacted was uniformly to limit the time within which actions for deficiencies in the design, construction, and supervision of construction of improvements to real property, for which architects, engineers, and others in the construction industry were responsible, could be brought against such persons." 93 A.L.R.3d 1243, 1246, § 2(a) (1979).
Id. at 321-22 (emphasis added). It is true that we found the statute of repose at issue in Anderson to be constitutional. However, that does not answer the question in this case. Unlike the statute in Anderson, Miss. Code Ann. § 11-46-1, et seq., bars any recovery against government defendants like JSU in contravention of the "remedy clause" of the Mississippi Constitution. Miss. Const. art. III, sec. 24 states:
All courts shall be open; and every person for an injury done to him in his land, *871 goods, person or reputation, shall have a remedy by due course of the law, and right and justice shall be administered, without sale, denial, or delay.
(Emphasis added). While this clause does not explicitly grant an infinite, unlimited guarantee to seek a remedy by due course of the law, a statute which denies a potential litigant any possibility of bringing suit violates its clear meaning.
The majority also relies on Grimes v. Pearl River Valley Water Supply Dist., 930 F.2d 441, 443-44 (5th Cir.1991), to conclude that sovereign immunity does not violate the "remedy clause" of the Mississippi Constitution. The Grimes Court based its reasoning on our suggestion in Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), that the legislature is the forum in which to address sovereign immunity complaints. The Grimes opinion went on to state:
The basic principle of sovereign immunity is that the "king can do no wrong." Consequently, the state is free from any liabilities unless it carves an exception. These exceptions come in the form of tort claims acts. The Mississippi Legislature has carved no such exception for this type of suit against the Pearl River Water District, and the "remedy clause" of the Mississippi Constitution does not require them to do so. Consequently, plaintiffs claims under the Mississippi Constitution must fail.
Id. at 444-44. The Grimes Court's reasoning, and thus the majority's reasoning in this case, falls short. The basis of the Pruett decision was that public policy no longer supported the "king can do no wrong" doctrine created by the judiciary. Because sovereign immunity had been created by the judiciary, we found that it "necessarily should be judicially abrogated." Pruett, 421 So.2d at 1047. The Pruett Court also stated:

Whatever justification ever existed for the doctrine that the Commonwealth is immune from liability for tortious conduct unless the Legislature has consented to suit, has long since passed. Under the doctrine, plaintiff's opportunity for justice depends, irrationally, not upon the nature of his injury or of the act which caused it, but upon the identity or status of the wrongdoer. Three times in recent years we have repudiated as unfair similar status-based immunities of parties. A majority of the states has rejected sovereign immunity at least to some degree, and commentators oppose it nearly unanimously.
Id. at 1049. It is easily seen that the Grimes analysis is defied by the very case law cited in its support. We clearly held in Pruett that a judicially created blanket protection for the sovereign subject only to carved out exceptions by the legislature was wrong. We then left subsequent matters involving rightful claims against the sovereign up to the legislature. Id. at 1051.
What is crucial to note, however, is that we never granted the legislature the unbridled authority to write unconstitutional laws. It matters not that the laws in question pertain to what extent one may sue the government  the laws must nevertheless be constitutional. Presley v. Mississippi State Hwy. Com'n, 608 So.2d 1288 at 1298 (Miss. 1992) (Part I D in which six Justices concurred). Justice Banks stated the following in Part I D of the Presley opinion:
The Legislature, as that branch of our government charged most directly with establishing policy, has every right to prescribe the parameters of the immunity of the sovereign. It must do so, however, in a manner which comports with the Constitution. This it has not done, and we are compelled to so declare.

Id. at 1298 (emphasis added). From the foregoing it should be clear that the majority's holding that the "remedy clause" of the Mississippi Constitution is not offended by the post-Pruett sovereign immunity statutes, § 11-46-1, et seq., reasoning that those statutes were enacted by, and within the province of, the legislature, merely begs the question: ARE THE STATUTES CONSTITUTIONAL UNDER THE REMEDY CLAUSE OF THE MISSISSIPPI CONSTITUTION? It is my opinion that they clearly are not.
It is true that a majority of this Court recently concluded that statutory limitations on damages recoverable from government *872 tortfeasors is not violative of the "remedy clause." Wells v. Panola County Bd. Of Educ., 645 So.2d 883, 892 (Miss. 1994) (But see: McRae, J., joined by Sullivan, J., dissenting) That, however, does not support today's holding that a complete bar to recovery is also constitutional under the "remedy clause." I do not agree that a damages limitation like the one upheld in Wells is constitutional. Nevertheless, whatever may be said for upholding certain limitations on damages or time within which one may bring a suit against the government, certainly it is clear that the "remedy clause" does not permit a complete statutory bar to recovery.
In Presley, 608 So.2d at 1296-98, a majority of the justices of this Court declared the post-Pruett sovereign immunity statutes, Miss. Code Ann. § 11-46-1, et seq, to be unconstitutional. Only a plurality of justices agreed that we should apply that determination prospectively. We concluded in Churchill v. Pearl River Basin Dev. Dist., 619 So.2d 900, 904 (Miss. 1993), that our plurality vote to apply the Presley holding prospectively carried no precedential value.
Contrary to the majority opinion, we did not hold that Presley had no retroactive application in Morgan v. City of Ruleville, 627 So.2d 275, 278 (Miss. 1993). What the majority did conclude in Morgan, in accordance with our determination in Churchill, was that Part II of Presley (Banks, J., writing for a plurality of justices that the decision should only apply prospectively) carried no precedential weight. The Court then confusingly applied pre-Pruett law to resolve the case.
Later, in Coplin v. Francis, 631 So.2d 752, 755 (Miss. 1994), after we had clearly stated on at least two separate occasions that Presley only carried precedential value on its narrowest grounds  that the post-Pruett sovereign immunity statutes are unconstitutional, and that Presley could not be cited as precedent for its application either prospectively or retroactively, the majority nevertheless cited Presley in support of the indirect conclusion that it applied prospectively. It is my opinion that the result reached by the Coplin majority in its indirect application of Presley, without any explanation whatsoever, was both unwise and unfounded in the law.
I further disagree with the continued prospective application of the Presley decision in this case. The United States Supreme Court recently revisited the issue of whether a court's decision should be applied prospectively or retroactively in Harper v. Virginia Department of Taxation, 509 U.S. ___, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). Following the general rule of retroactive relief, the Supreme Court held that when it applies a rule of federal law to the parties before it, all courts are required likewise to give retroactive effect to the decision. In Harper, the Court stated:

Beam controls this case, and we accordingly adopt a rule that fairly reflects the position of a majority of Justices in Beam: When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule. This rule extends Griffith's ban against "selective application of new rules." [Griffith v. Kentucky, 479 U.S. [314], at 323 [107 S.Ct. 708, 713, 93 L.Ed.2d 649 (1987)]. Mindful of the "basic norms of constitutional adjudication" that animated our view of retroactivity in the criminal context, Id., at 322 [107 S.Ct. at 713], we now prohibit the erection of selective temporal barriers to the application of federal law in noncriminal cases. In both civil and criminal cases, we can scarcely permit "the substantive law [to] shift and spring" according to "the particular equities of [individual parties'] claims" of actual reliance on an old rule and of harm from a retroactive application of the new rule. Beam [Distilling Company v. Georgia] supra, [501 U.S. 529], at 530, 115 L.Ed.2d 481, 111 S.Ct. 2439 [at 2440 (1991)] (opinion of Souter, J.). Our approach to retroactivity heeds the admonition that "[t]he Court has no more constitutional authority in civil cases than in criminal cases to disregard current law or to treat similarly situated *873 litigants differently." American Trucking Assns., Inc. v. Smith, supra, 496 U.S. 167, at 214, 110 L.Ed.2d 148, 110 S.Ct. 2323, at 2350(1990) (Stevens, J., dissenting).
509 U.S. at ___, 113 S.Ct. at 2517, 125 L.Ed.2d at 86 (emphasis added). Lucinda Robinson's accident occurred between the decision in Pruett abolishing judicially created sovereign immunity, and Presley's ruling that the legislature's post-Pruett statutes attempting to resurrect pre-Pruett sovereign immunity are unconstitutional. The legislature's post-Pruett sovereign immunity statutes were just as unconstitutional at the time they were enacted as they were when Presley was handed down and as they are today.
We resoundingly agreed in Pruett that the sovereign immunity doctrine had lived too long. The statutes enacted thereafter with regard to that decision were deemed unconstitutional. It is wrong to now allow the very same statutes found to be unconstitutional in Presley to preclude Lucinda Robinson's claim in this case. We should follow the wisdom of the Supreme Court and treat similarly situated litigants the same. I cannot join the majority's failure to do so.
Because sovereign immunity offends art. III, sec. 24 of the Mississippi Constitution, and because I believe our decision in Presley should be applied retroactively, I respectfully dissent.
NOTES
[1] Search of WESTLAW MS-CS Library (Nov. 17, 1994) (sovereign immunity/25 and "24" and "remedy" and (date (after 1980)); see generally David W. Case, From Pruett to Presley: The Long and Winding Road to Abrogation of Common Law Sovereign Immunity in Mississippi, 63 Miss. L.J. 537, 553-62 (1994). However, at least two dissents have addressed this issue. Presley v. Mississippi State Highway Com., 608 So.2d 1288, 1302 (Miss. 1992) (McRae, J., dissenting); Webb v. Jackson, 583 So.2d 946, 954 (Miss. 1991) (McRae, J., dissenting).

The State fails to argue the new sovereign immunity statutes, given in Miss. Code Ann. § 11-46-3 (1994 Supp.). As such, this Court will not address this issue. See Armstrong v. Armstrong, 618 So.2d 1278, 1282 (Miss. 1993). In any case, the legislative provision demonstrating an intent to make sovereign immunity retroactive does not affect the resolution of this case under the opinion, and is not needed.
[2] See generally Case, supra note 1, at 578-79. Other states have held that remedy provisions such as Miss. Const. art. III, § 24 merely grants due process, and does not bar "legislative innovation." Id. at 579, n. 262.