IN THE SUPREME COURT OF MISSISSIPPI
NO. 96-CA-00600-SCT

*BARBARA CHAMBERLIN, CHARLOTTE CHAMBERLIN LEE, WANDA CHAMBERLIN LYLE, TERESA CHAMBERLIN GABBERT, MIKE CHAMBERLIN AND JOHN CHAMBERLIN, JOINTLY AND SEVERALLY*

*v.*

*CITY OF HERNANDO, HERNANDO AMBULANCE SERVICE AND BARBARA WILROY, JOINTLY AND SEVERALLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/10/96 |
| TRIAL JUDGE: | HON. ANDREW CLEVELAND BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | GERALD W. CHATHAM, SR. |
| ATTORNEY FOR APPELLEES: | WILTON V. BYARS, III |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRM - 6/18/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/9/98 |

EN BANC.

PITTMAN, PRESIDING JUSTICE, FOR THE COURT:

## STATEMENT OF THE CASE

¶1. The plaintiffs, Barbara Chamberlin, Charlotte Chamberlin Lee, Wanda Chamberlin Lyle, Teresa Chamberlin, John Chamberlin and Mike Chamberlin, jointly and severally filed suit on April 25, 1995, against defendants City of Hernando, Hernando Ambulance Service and Barbara Wilroy, jointly and severally. This suit was filed as the result of alleged negligence of employees of the City of Hernando, to wit, Hernando Ambulance Service. Appellants contend that Barbara Wilroy, who was the volunteer director and an Emergency Medical Technician for the Hernando Ambulance Service, negligently contributed to the death of decedent, James Arnold Chamberlin. The complaint alleges that Ms. Wilroy violated the current regulations of the Mississippi State Department of Health and the basic training received by EMT's when she ordered CPR on the decedent to cease. The appellants further allege that the City of Hernando and Hernando Ambulance Service are vicariously liable for

the negligent acts of Ms. Wilroy. Appellees admitted that Ms. Wilroy was a volunteer EMT for the City of Hernando and that she was acting in the course and scope of her duties, but denied any and all allegations of negligence on the part of appellees. There exists no separate entity known as the Hernando Ambulance Service.

¶2. This cause of action accrued on behalf of the appellants against Barbara Wilroy on April 25, 1993, the date of decedent's death. The appellants filed their complaint on April 25, 1995, two years after the cause of action accrued. The appellees timely filed their Answer and Defenses on June 29, 1995 raising as defenses: (1) failure to state a claim upon which relief can be granted; (2) plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations; and (3) defendants invoke all defenses, immunities and exemptions provided by § 11-46-1, *et seq*., Mississippi Code of 1972, as amended, commonly known as the Sovereign Immunity Act. Appellees then filed a Motion to Dismiss on January 30, 1996, on the basis that the Sovereign Immunity Act became effective upon passage on April 1, 1993, and the failure of plaintiffs to file their Complaint within the one-year statute of limitations provided therein barred this action. A hearing was held on appellees' Motion to Dismiss on April 22, 1996.

¶3. Judge Baker issued his order in the case on May 10, 1996, holding that the Sovereign Immunity Act applied to this case, and the discovery rule regarding statutes of limitation does not apply; therefore, the one-year statute of limitations contained in the Sovereign Immunity Act barred this action.

¶4. The Notice of Appeal was filed on behalf of the appellants on June 5, 1996. The appeal from the lower court's granting of appellees' Motion to Dismiss raises the following issues:

> **I. THE COURT ERRED IN PROVIDING THAT THIS ACTION IS GOVERNED BY THE SOVEREIGN IMMUNITY ACT AND § 15-1-49 OF THE MISSISSIPPI CODE ANN. (1972 AS AMENDED) DOES NOT APPLY.**

> **II. THE COURT ERRED IN FINDING THAT THE DISCOVERY RULE REGARDING THE STATUTE OF LIMITATIONS DOES NOT APPLY IN THIS CASE.**

> **III. THE ACT IS UNCONSTITUTIONAL AS IT APPLIES TO CLAIMS ARISING BETWEEN APRIL 1, 1993, AND OCTOBER 1, 1993.**

## STATEMENT OF FACTS

¶5. On Sunday, April 25, 1993, as a result of cardiac arrest, decedent, James Arnold Chamberlin died. Barbara Wilroy, volunteer director of the ambulance service provided by the City of Hernando, had just completed an ambulance run when a call came in regarding the need for an ambulance at decedent's residence. Ms. Wilroy and ambulance driver, Harold Carmon, responded to the call. When they arrived at decedent's house, Chuck Lee, a "first responder" and decedent's former son-in-law, was performing CPR on the decedent. Ms. Wilroy prepared to perform CPR, but the decedent was blue, his pupils were dilated, he had no breath sounds, and there was no capillary refill. Ray Waddell, another volunteer with the ambulance service, arrived and began chest compressions while Chuck Lee performed ventilation. Ms. Wilroy spoke to Mrs. Chamberlin, decedent's wife, and offered to take the decedent to the hospital. Ms. Wilroy voiced the opinion that the decedent had no pulse and

was not responding to the CPR. Appellants allege that Ms. Wilroy told Mrs. Chamberlin that if they were able to revive decedent and he was transported to a hospital all he would be was a vegetable. Mrs. Chamberlin told Ms. Wilroy that she had been in the kitchen cooking and heard a noise, but she thought it was her two young grandchildren. She later discovered the decedent was not breathing and called her son-in-law, Chuck Lee. Ms. Chamberlin did not know how long her husband had not been breathing. Mrs. Chamberlin told Ms. Wilroy to stop CPR. Ms. Wilroy told Lee and Waddell that Mrs. Chamberlin did not want CPR continued. No one asked any questions or voiced any disagreement with Mrs. Chamberlin's decision. Mrs. Chamberlin stated in her affidavit that she relied on the expertise of Ms. Wilroy to render appropriate treatment to her husband. At Mrs. Chamberlin's request, Ms. Wilroy called the funeral home.

## ANALYSIS

### I. THE COURT ERRED IN PROVIDING THAT THIS ACTION IS GOVERNED BY THE SOVEREIGN IMMUNITY ACT AND § 15-1-49 OF THE MISSISSIPPI CODE ANN. (1972 AS AMENDED) DOES NOT APPLY.

¶6. On April 1, 1993, the Mississippi Legislature enacted Miss. Code Ann. § 11-46-1, *et seq.,* otherwise known as the Sovereign Immunity Act. James Arnold Chamberlin, decedent, died on April 25, 1993. In his order granting appellees' Motion to Dismiss, the trial judge held that the Sovereign Immunity Act applies to the case *sub judice*.

¶7. This appeal calls upon this Court to interpret and apply the statutory provisions relating to sovereign immunity enacted by the state Legislature in response to this Court's decision in ***Presley v. Mississippi State Highway Commission,*** 608 So. 2d 1288 (Miss. 1992). In the very recent decision of ***Gressett v. Newton Separate Municipal School District,*** 697 So. 2d 444 (Miss. 1997), Justice Prather writing for this Court held that because the incident which occurred on August 26, 1993, occurred prior to the effective date of the partial waiver of sovereign immunity by the Legislature, the Newton Separate Municipal School District enjoyed the protection of sovereign immunity.

¶8. In 1982, judicial sovereign immunity was abrogated by this Court in ***Pruett v. City of Rosedale***, 421 So. 2d 1046 (Miss. 1982). This Court held that the Legislature and not the Court should control the issue of one's right to bring suit against the sovereign. The Legislature thereafter enacted a comprehensive sovereign immunity statute. Miss. Code Ann. § 11-46-1 to-23 (Supp. 1984). The statute maintained that sovereign immunity would continue as it existed prior to ***Pruett***. *Id.* However, this Court held in Part I of ***Presley*** that § 11-46-6 was unconstitutional in light of the fact that it purported to revive law by reference, but a plurality of four justices held in Part II that the holding applied only prospectively. ***Presley***, 608 So. 2d at 1298-1301.

¶9. The Legislature responded to ***Presley*** by enacting Miss. Code Ann. § 11-46-3, effective from and after April 1, 1993, which had largely the same effect as § 11-46-6, but without the constitutionally offensive provisions regarding retroactive application as expressed in the Court's opinion in ***Presley.*** Miss. Code Ann. § 11-46-3 (1) (Supp. 1997) provides that:

> (1) The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political

subdivisions," as such terms are defined in Section 11-46-1, are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract, including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach by any employee of the state or its political subdivisions, notwithstanding that any such act, omission or breach constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature and notwithstanding that such act, omission or breach may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefor.

¶10. Section 11-46-3 details the intent of the Legislature that the State and its political subdivisions be immune from liability, and this statute does not contain the language in Miss. Code Ann. § 11-46-6 which served to revive law by reference or pre-**Pruett** law. Along with this newly-granted sovereign immunity created in § 11-46-3, the Legislature provided for a limited waiver of sovereign immunity in Miss. Code Ann. § 11-46-5 (Supp. 1997). Section 11-46-5 furnishes a waiver of sovereign immunity as to the State from and after July 1, 1993, and for political subdivisions of the State from and after October 1, 1993. Section 11-46-15 of Miss. Code Ann. provides that the waiver of sovereign immunity is limited to $50,000 until July 1, 1997, at which time the limit increases to $250,000. For claims arising after July 1, 2001, the limit is $500,000. Miss. Code Ann. § 11-46-15 (1) (Supp. 1997).

¶11. The case at bar arose after § 11-46-3 went into effect on April 1, 1993. The alleged negligence of Ms. Wilroy occurred on April 25, 1993, and it is clear that the immunity of the City of Hernando had not been waived at that time. As stated above, § 11-46-5 provides that immunity as to a state's political subdivisions was not waived until October 1, 1993. Section 11-46-1(i)(Supp. 1997) defines political subdivisions as a municipality and its instrumentality. There is no entity entitled "Hernando Ambulance Service," as such service is provided by the municipality of Hernando.

¶12. The case *sub judice* presents a forthright case for the application of the Sovereign Immunity Act. A review of the applicable statutes clearly demonstrates that the City of Hernando enjoyed the protection of sovereign immunity at the time the present lawsuit arose on April 25, 1993.

## STATUTE OF LIMITATIONS

¶13. The appellants argue that Miss. Code Ann. § 15-1-49, the general three-year statute of limitations, applies to the case at bar. For the reasons before stated, this Court holds that § 11-46-3 sets forth the intent of the Legislature that the State and its political subdivisions be immune from liability beginning April 1, 1993. Therefore, since the event giving rise to this cause of action occurred April 25, 1993, clearly after the Act went into effect, § 11-46-3 and not § 15-1-49 governs the case now before this Court.

¶14. The relevant provision of the Act which pertains to the applicable statute of limitations reads as follows:

**§ 11-46-11. Statute of limitations; notice of claim requirements.**

(1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity . . .

. . . .

(3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp. 1997).

¶15. The Legislature intended for § 11-46-11 to take effect from and after April 1, 1993, its date of passage. The Act directs that all actions against political subdivisions shall be filed within one year of accrual. The only way the statute allows the extension of the one-year statute is to file the required notice of claim. This date of passage was approximately three weeks before the date of the alleged negligence in this case and over two years prior to the filing of this cause of action. The appellants contend that a letter addressed to the mayor of the City of Hernando on May 6, 1994, served as the ninety (90) days' notice and tolled the statute for ninety-five (95) days. However, there is no adequate proof contained within the designated record as to whether the letter was ever actually mailed to the mayor. There is no affidavit in regard to the alleged letter and only appellants' counsel's argument opposing the motion to dismiss ever mentions such a letter. Appellees at the same time make the argument that such a letter was never received. No notice of claim was ever filed on behalf of the appellants, and their Complaint was not filed until April 25, 1995, two years after the death of the appellants' decedent.

¶16. Therefore, this cause of action is time-barred due to appellants' failure to comply with both the notice of claim and statute of limitations provisions of the Sovereign Immunity Act.

### II. THE COURT ERRED IN FINDING THAT THE DISCOVERY RULE REGARDING THE STATUTE OF LIMITATIONS DOES NOT APPLY IN THIS CASE.

¶17. The appellants argue that the discovery rule regarding the statute of limitations is applicable since the alleged acts of negligence by the appellees were not discovered by decedent's widow until a few days after May 3, 1994. Appellants rely on the affidavit of Barbara Chamberlin, "a retired housewife with a high school diploma" having "no specialized knowledge in the field of emergency medicine and emergency medical training."

¶18. The discovery rule applies to **latent** injuries and by its definition, can have no effect with regard to injuries which are not latent. *Sweeney v. Preston*, 642 So. 2d 332 (Miss. 1994). The Court held in *Sweeney* that an action for the death of a person accrues on the date of the person's death. *Id.* at 335.

¶19. The death of decedent was not a latent injury. Appellant Barbara Chamberlin was present during all of the events which form the basis of the Complaint. The record contains the undisputed information that Barbara Chamberlin's former son-in-law was the first EMT who administered CPR to the decedent. Further, one of the plaintiffs, Charlotte Chamberlin Lee, was an EMT with the City of Hernando at the time of the events in the Complaint. Appellees tendered a letter at the hearing on the Motion to Dismiss from plaintiff Charlotte Chamberlin Lee, which stated that she had waited at least one year to pursue the matter "to be sure I was doing it for the right reasons."

¶20. This Court finds that the appellants knew or should have known the basis for their cause of action. Such knowledge, in conjunction with the fact that the decedent's death was not a latent injury, prohibits the use of the discovery rule.

### III. THE ACT IS UNCONSTITUTIONAL AS IT APPLIES TO CLAIMS ARISING BETWEEN APRIL 1, 1993, AND OCTOBER 1, 1993.

¶21. The appellants' last argument is that the Sovereign Immunity Act is unconstitutional. There is a presumption that acts of the legislature are valid, and the unconstitutionality of an Act must be proved beyond a reasonable doubt before it will be declared invalid. *Clark v. State ex rel. Mississippi State Med. Ass'n*, 381 So. 2d 1046, 1048 (Miss. 1980). This rule is applicable with regard to statutes involving limitations upon suits against governmental entities. See *Robinson v. Stewart*, 655 So. 2d 866 (Miss. 1995); *Wells v. Panola County Bd. of Educ.*, 645 So. 2d 883 (Miss.1994).

¶22. Appellants claim that the Act is unconstitutional as it pertains to claims arising between April 1, 1993, and October 1, 1993, because such time period would place a plaintiff in "no man's land." However, the Act provides a remedy for plaintiffs injured by the proprietary functions of municipalities, so long as the procedural safeguards of the Act are followed. Miss. Code Ann. § 11-46-3 (Supp. 1997). This Court has held that reasonable limitations placed upon suits against governmental entities are proper. This Court in *Wells* held, "the legislature may abrogate common law causes of action, and alter or substitute remedies through statutory schemes."*Wells,* 645 So. 2d at 895. *Wells* further provided that "the legislature may bar recovery entirely, even where a remedy exists, through statutes of repose and statutes of limitations." *Id.*

¶23. The Sovereign Immunity Act clearly did not bar appellants' action; rather, the statute placed certain procedural limitations on the action. This Court has held that placing rational limitations on recovery against political subdivisions does not violate the "open courts" provision of Mississippi's Constitution since such provision has never been construed "as guaranteeing limitless or absolute recovery for injury." *Wells*, 645 So.2d at 892.

### <u>CONCLUSION</u>

¶24. This Court finds that all of appellants' claims are time barred, and as such the granting of the appellees' Motion to Dismiss is affirmed.

¶25. **AFFIRMED.**

**PRATHER, C.J., ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**BANKS, JUSTICE, CONCURRING:**

¶26. I concur in the result reached by the majority. I write separately to note that I am not prepared to agree at this time that the immunity accorded municipalities in their proprietary functions or that accorded governmental employees by our governmental immunity legislation comports with Section 24 of the Constitution of the State of Mississippi.

¶27. In the instant case, however, Chamberlin challenged the act constitutionally, only insofar as it is construed not to provide a remedy between April 1 and October 1, 1993. The proper construction of the statute, in my view, is that urged by the City. That is, municipalities acting in their proprietary capacities were not immune prior to October 1, 1993 but the limitations provisions of the act did apply. Thus, Chamberlin was not without a remedy during this period but he was constrained to comply with the statute of limitations provided by the act. Thus, Chamberlin's challenge to the act must fail.

**SULLIVAN, P.J., JOINS THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶28. The Sovereign Immunity Act is unconstitutional as to claims arising between April 1, 1993 and October 1, 1993, where the statute continues to use the same language to freeze the common law as it applies to political subdivisions of the State. Further, the majority errs in finding that the one-year statute of limitations under the Sovereign Immunity Act of 1993 applies to the appellants' cause of action, since the Act was not effective as applied to cities until October 1, 1993, some five months after the incident in this case. For these reasons, I respectfully dissent.

**I.**

¶29. The Mississippi Constitution, article 3, section 24, mandates that where there is a wrong, there is a redress. In this case, a wrong was committed on April 25, 1993, but our Legislature has refused to allow a remedy. The majority contends that rather than barring the appellants' cause of action, the Act merely places procedural limitations on their cause of action. However, because Miss. Code Ann. § 11-46-5 only allows recovery up to a certain limit for tortious acts or omissions by political subdivisions of the State occurring after October 1, 1993, recovery against such entities for any injury that occurred before October 1, 1993 is effectively precluded. Even this Court has said so. "What is important is that the Legislature has repeatedly postponed the effective date, so that the [Tort Claims] act--save only its reenactment of pre-*Pruett* immunity law--has been and remains law in futuro, law that has never acquired a present force." *Starnes v. City of Vardaman*, 580 So. 2d 733,

735 (Miss. 1991). *See also* [Stokes v. Kemper County Bd. of Supervisors, 691 So. 2d 391, 396-98 (Miss. 1997)](McRae, J. concurring in part and dissenting in part)(charting how Legislature continuously reenacted law postponing effective date of Act and waiver of sovereign immunity). This Court recognized that the delay tactics of the Legislature effectively prevented valid claimants from bringing suit against political subdivisions of the State.

¶30. The remedy clause of the Mississippi Constitution, art. 3, § 24, makes no distinction between seeking redress for wrongs committed by public versus private entities. Miss Code Ann. § 11-46-6 (Supp. 1987) attempted to revive law by reference. However, this Court declared that statute unconstitutional in *Presley v. Mississippi State Highway Comm'n*, 608 So. 2d 1288, 1296 (Miss. 1992). In response, the Legislature enacted Miss. Code Ann. § 11-46-3, which, as the majority admits, had the same effect as the statute we declared unconstitutional. The cause of action in the present case arose in 1993. And, as this Court has taken great pains to make clear, our 1992 decision in *Presley*, declaring § 11-46-6 to be unconstitutional, is prospective. *[Brown v. Houston Sch. Dist., 704 So. 2d 1325, 1327 (Miss. 1997)](link)*; *Robinson v. Stewart*, 655 So. 2d 866, 868 (Miss. 1995). The practical effect of § 11-46-3 is that it prevents redress for wrongs for the period between April 1, 1993, when the statute was enacted, and October 1, 1993, when the waiver of immunity against political subdivisions of the State took effect. Accordingly, § 11-46-3, which has the same effect as § 11-46-6, falls under the *Presley* mandate and is also unconstitutional. All the statute does is extend an unconstitutional provision that served to freeze common law in its place.

## II.

¶31. The majority also errs in stating that the appellants failed to raise a claim within the statute of limitations, because the one-year statute of limitations referred to by the majority is not applicable in this case. The incident giving rise to the appellants' cause of action occurred on April 25, 1993, prior to the date when the Act would become effective against the City of Hernando, October 1, 1993. Since the statute did not authorize an action against political subdivisions like the City of Hernando until October 1, 1993, the appellants' cause of action was suspended. Therefore, the appellants could not have procedurally raised a claim under the statute. It follows, then, that the one-year statute of limitations associated with that statute cannot apply to the appellants' cause of action.

¶32. Because this is essentially a medical claim, the medical malpractice statute of limitations should apply here, which requires filing within two years of the date on which the injury occurred and the negligence was discoverable. In the alternative, the general three-year statute of limitations under Miss. Code Ann. § 15-1-49 should apply, since the statute allowing plaintiffs to make claims against political subdivisions did not take effect until October 1, 1993. It should also be noted that if the City of Hernando maintained coverage under an insurance policy, any immunity for the City would be waived as to the amount of insurance. In any event, and especially in light of the facts of this case, the answer is not to simply place blanket immunity upon the City of Hernando.

¶33. For the above reasons, I respectfully dissent.