## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-IA-02110-SCT

*CITY OF JACKSON AND MICHAEL McLENDON*

*v.*

*ANNIE MAE SUTTON, RICKY SUTTON AND APRIL GIBSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/28/1999 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | TERRY WALLACE |
| | MICHAEL J. WOLF |
| ATTORNEYS FOR APPELLEES: | MERRIDA COXWELL |
| | CHARLES R. MULLINS |
| | REGINA R. QUINN |
| | HERBERT J. IRVIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 10/11/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/1/2001 |

### BEFORE PITTMAN, C.J., COBB AND DIAZ, JJ.

### PITTMAN, CHIEF JUSTICE, FOR THE COURT:

¶1. This is an interlocutory appeal by the City of Jackson and Police Officer Michael McClendon ("McClendon") regarding the denial of their motion for summary judgment where they asserted that April Gibson ("Gibson"), Annie Mae Sutton and Ricky Sutton ("the Suttons"), the plaintiffs, had specifically admitted in discovery that relief was not being sought under the United States Constitution or the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2001).

### FACTS AND PROCEEDINGS BELOW

¶2. According to the complaint filed by the Gibson and the Suttons, Richard Allen ("Allen") consumed several alcoholic beverages on December 23, 1996, before running his vehicle into the back of Roderick Reed's ("Reed") automobile. Allen then left the scene of the accident telling Reed that he was going back to Shooter's Tavern. When Officer Michael McClendon arrived at the accident site, Reed explained that Allen had rear-ended his car and that Allen had gone to Shooter's Tavern. Reed also provided McClendon with the license tag number of Allen's automobile which McClendon checked and determine that the plate number was not registered. Reed and McClendon then went to Shooter's Tavern where Reed identified Allen as the man who had "hit-and-run" his vehicle. Officer McClendon completed an accident report stating that Allen was the cause of the accident; that Allen had no driver's license; and that his driver's license number was identical to his social security number.

¶3. Later that day, while driving with his head lights off, Allen collided with another car, seriously injuring Gibson and killing Barbara Sutton ("Decedent"). Allen was subsequently indicted by the Hinds County District Attorney for the death of Barbara Sutton. Gibson and the Suttons contend in their complaint that if McClendon had run a check of Allen's name and social security number Allen's two prior DUI convictions and an outstanding arrest warrant would have been discovered. They also assert in their complaint that McClendon failed to administer a sobriety test on Allen, interrogate him regarding his leaving the scene of the accident, or seize his car.

¶4. On March 26, 1998, approximately one year and three months after the accident, Gibson and the Suttons filed a complaint against Richard Allen in the Circuit Court of the First Judicial District of Hinds County. The next day, Gibson and the Suttons filed an amended complaint alleging that the City of Jackson and McClendon had violated the rights of the plaintiffs under the Mississippi Constitution. On August 21, 1998, the City of Jackson and McClendon filed their answer.

¶5. On June 18, 1999, the City of Jackson filed a motion to dismiss in accordance with M.R.C.P. 12. The trial court subsequently denied the motion to dismiss. The City of Jackson then filed a motion for summary judgment asserting that Gibson and the Suttons had specifically admitted in discovery that relief was not being sought under the United States Constitution or under the Mississippi Tort Claims Act and that the Act was the exclusive avenue by which relief could be sought. The trial court denied the motion for summary judgment stating that Gibson and the Suttons could proceed based on claims under the Mississippi Constitution, and it also denied the City of Jackson's motion for interlocutory appeal of the issues presented by the motion for summary judgment.

¶6. On June 8, 2000, an order was entered by this Court granting permission to appeal an interlocutory decision pursuant to M.R.A.P. 5 filed by the City of Jackson and Michael McClendon.

## STANDARD OF REVIEW

¶7. This Court has a well-established standard of review of a trial court's grant of summary judgment:

> Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.

*Heigle v. Heigle*, 771 So.2d 341, 345 (Miss. 2000) (quoting *McCullough v. Cook*, 679 So.2d 627, 630 (Miss.1996)).

## DISCUSSION

**I. WAS THE TRIAL COURT CORRECT IN ITS DETERMINATION THAT THE PLAINTIFFS COULD PURSUE RECOVERY UNDER THE MISSISSIPPI CONSTITUTION OR IS THE MISSISSIPPI TORT CLAIMS ACT THE EXCLUSIVE REMEDY FOR THE RELIEF BEING SOUGHT?**

¶8. Gibson and the Suttons allege in their complaint that they were denied their state constitutional rights without due process of law when the City of Jackson, through the actions of Officer McClendon, violated investigatory and training procedures. They assert that this resulted in a violation of Article 3, Section 14 of the Mississippi Constitution, the "due process clause," which states that "[n]o person shall be deprived of life, liberty, or property except by due process of law." Gibson and the Suttons also base their claims on Article 3, Section 24 of the Mississippi Constitution, the "remedy clause," which holds that "[a]ll courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." The trial court, in denying the City of Jackson's motion for summary judgment, concluded that Gibson and the Suttons could proceed with their action under these state constitutional claims.

¶9. The City of Jackson and McClendon contend that the only path in which Gibson and the Suttons can pursue their claim would be under the Mississippi Tort Claims Act, a route the plaintiffs expressly chose not to follow. The City of Jackson points to *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So. 2d 1234 (Miss. 1999), where this Court held:

> The MTCA provides the exclusive civil remedy against a governmental entity and its employees for acts or omissions which give rise to a suit. Miss.Code Ann. § 11-46-7(1) (Supp.1998); *L.W. v. McComb Separate Mun. School Dist.*, 754 So.2d 1136, 1146, (Miss.1999). Any claim filed against a governmental entity and its employees must be brought under this statutory scheme. *Id.*

*Lang*, 764 So. 2d at 1236.

¶10. Statutes contained in the Act support the assertion that the Tort Claims Act is the exclusive route for filing suit against a governmental entity and its employees. Miss. Code Ann. § 11-46-9 states that a governmental entity and its employees acting within the course and scope of their employment shall be free of liability for a claim based upon any of the acts or omissions enumerated therein. Miss. Code Ann. § 11-46-7(1) details the exclusiveness of the Act, announcing:

> The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

¶11. While there is provision for making a claim against a governmental entity and its employees outside of the Tort Claims Act, it is limited to declaratory actions and not intended for claims involving money damages. *Fordice v. Thomas*, 649 So.2d 835, 840 (Miss. 1995). In the case sub judice Gibson and the Suttons only seek monetary relief.

¶12. It is well settled that the Mississippi Tort Claims Act is not violative of our state constitution, and is

therefore not in conflict with Article 3, Sections 14 and 24 of the Mississippi Constitution. *[Barnes v. Singing River Hosp. Sys.](#)*, 733 So.2d 199 (Miss. 1999), provides an excellent synopsis regarding the constitutionality of the Act and specifically addresses the "remedy clause" as found in Article 3 Section 24 and the "due process clause" as found in Article 3 Section 14 of the Mississippi Constitution:

> We previously addressed the constitutionality of the Mississippi Tort Claims Act under the Mississippi Constitution in *[Mohundro v. Alcorn County](#)*, 675 So.2d 848 (Miss.1996). In ***Mohundro***, we pointed to our decision in ***Robinson v. Stewart***, 655 So.2d 866, 868 (Miss.1995) (citing ***Wells v. Panola County Bd. of Educ.***, 645 So.2d 883 (Miss.1994); ***Grimes v. Pearl River Valley Water Supply Dist.***, 930 F.2d 441 (5th Cir.1991)), wherein we held that "the remedy clause is not an absolute guarantee of a trial and that it is the legislature's decision whether or not to address restrictions upon actions against government entities." ***Mohundro***, 675 So.2d at 852. We further found that the Mississippi Tort Claims Act did not violate due process, because:

> A due process violation requires that the party be deprived of a protected property interest. ***Tucker v. Hinds County***, 558 So.2d 869, 873 (Miss.1990). As was stated by this Court in ***Wells***, there was no right to sue the State or its political subdivisions at common law. The legislature has continued to withhold such a right, therefore there is no property right to sue the State. Without such a property interest there can be no due process violation.

> *Id.*

***Barnes***, 733 So.2d at 203.

¶13. While this Court does not condone the inaction on the part of McClendon when he failed to perform his responsibilities in dealing with Allen, this Court is left with little choice but to reverse and render because Gibson and the Suttons failed to make a timely claim under the Mississippi Tort Claims Act. The caselaw is clear that the Mississippi Tort Claims Act is the only route by which the plaintiffs could file suit against the City of Jackson and Officer McClendon. Accordingly, it was error for the trial court to deny the City of Jackson and Officer McClendon's motion for summary judgment.

## CONCLUSION

¶14. For the foregoing reasons, the judgment of the circuit court is reversed, and judgment is rendered in favor of the City of Jackson and Officer McClendon.

¶15. **REVERSED AND RENDERED.**

> **BANKS, P.J., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. McRAE, P.J., AND EASLEY, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**