# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-IA-00495-SCT

*TALLAHATCHIE GENERAL HOSPITAL, TALLAHATCHIE GENERAL HOSPITAL EXTENDED CARE FACILITY AND BARBARA CRISWELL*

*v.*

*SUSAN EDWARDS HOWE AND WAYNE EDWARDS, WRONGFUL DEATH BENEFICIARIES OF MYRTICE EDWARDS, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2009 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | GAYE NELL LOTT CURRIE |
| ATTORNEYS FOR APPELLEES: | WILLIAM LISTON |
| | ALAN D. LANCASTER |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 12/09/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     On June 9, 2007, eighty-seven-year-old Myrtice Edwards died at Tallahatchie General Hospital and Extended Care Facility ("TGH"), a community hospital. In October 2007, Edwards's daughter and son, Susan Edwards Howe and Wayne Edwards ("Edwards"), sent a notice of claim and letter to the Tallahatchie County chancery clerk and the attorney for the Tallahatchie County Board of Supervisors, asserting a wrongful-death claim against *Tallahatchie County*. The notice of claim was *not* directed to TGH and was not filed with

Bobby Joe Brunson, Jr., the Administrator and Chief Executive Officer ("CEO") of TGH, as required by Mississippi Code Section 11-46-11(1). *See* Miss. Code Ann. § 11-46-11(1) (Rev. 2002). In late November 2007, Tallahatchie County's insurance representative faxed a copy of the notice and letter to Brunson. No notice of claim to TGH was ever filed as statutorily required. *See id.*

¶2. On June 2, 2008, Edwards filed a complaint against TGH and Barbara Criswell, among others, for the alleged wrongful death of Myrtice Edwards. TGH responded with a "Motion to Dismiss" asserting that Edwards had failed to comply with Mississippi Code Section 11-46-11(1), which provides the claimant "shall file a notice of claim" with TGH's CEO, Brunson, at least ninety days prior to filing the complaint. *Id.* The motion added that "[b]ecause the statute of limitations period has now passed, [the] claims should be dismissed with prejudice."

¶3. Following hearing, the Circuit Court of Tallahatchie County entered an "Order Denying Motion for Summary Judgment." While noting that "proper service of notice to TGH would be on the [CEO] of TGH not Tallahatchie County[,]" the circuit court found that the strict-compliance standard applied to Section 11-46-11(1) was limited to the ninety-day-notice requirement, and concluded "because TGH timely received a copy of the notice that was sent to the County and that they have presented no evidence that they will be in any manner prejudiced, that this constitutes *substantial compliance* under the statute . . . ." (Emphasis added.) Following that ruling, this Court granted TGH's "Petition for Interlocutory Appeal."

# FACTS

¶4.    On May 16, 2007, Myrtice Edwards was admitted to TGH.  On June 6, 2007, she was transferred to the emergency room of TGH, where she died on June 9, 2007.

¶5.    On October 17, 2007, former counsel for Edwards, sent the following:

**ATTENTION: THIS CORRESPONDENCE IS A NOTICE OF CLAIM SENT PURSUANT TO M.C.A. § 11-46-11(2)**
*Sent Certified Mail, Return Receipt Requested*

Honorable Anita Mullen Fountain
Tallahatchie County Chancery Clerk
P.O. Box 350
Charleston, Mississippi 38921

Mr. Thomas Reynolds, Esq.
Tallahatchie County Attorney[1]
P.O. Box 220
Charleston, Mississippi 38921

| | |
|---|---|
| Claimant: | Wrongful death beneficiaries of [Edwards] |
| Date of claim: | June 9, 2007 |
| Place of loss: | Tallahatchie General Hospital |
| Mechanism of injury: | Wrongful death |
| Extent of injury: | Wrongful death |
| Witnesses/Tortfeasors: | Dr. Barbara Criswell, Dr. Theodore T. Lewis, Kim Upton, Tara Hervey, Angie Burnett, Karol Knowles, J. Parks, Rall Bethel, Lisa Smiley, A. Lamar, L. Garth, L. Suggs, P. Trontt, Amy Sykes, Ella, C. Kimble, L. Hankins, Jayson Smith, Angela Lana, Dr. McCune, Dr. C.M. Jordan, Dr. Mark Gunn, Valerie McCord, B. Cresswell |
| Residence of Claimant: | Tallahatchie County, MS |
| Money Damages Sought: | $500,000.00 |

Attached to the notice was a letter which provided, in pertinent part, that:

---

[1]Reynolds was the attorney for the Tallahatchie County Board of Supervisors, but not for TGH.

3

Dear Ms. Fountain:

Please be advised that I represent the wrongful death beneficiaries of [Edwards] in their cause of action against *Tallahatchie County* regarding the above referenced claim. I am sending you this notice of claim in your capacity as Chancery Clerk for Tallahatchie County.

. . .

After *the County* has had a chance to review this matter, please advise me of its response in writing. If I do not receive any correspondence from *the County* within ninety days of your receipt of this letter, I will proceed forward with litigating this claim against *Tallahatchie County*.

(Emphasis added.)

¶6. In a subsequent deposition, Edwards's former counsel testified that the notice of claim was intended to "put *[Tallahatchie] County* on notice" as it was "the potential defendant . . . ." (Emphasis added.) He acknowledged that he did not send a notice of claim to TGH's CEO, Brunson.

¶7. On October 22, 2007, Fountain and Reynolds received the notice to Tallahatchie County. That same day, Reynolds forwarded the notice to the Tackett Insurance Agency. Reynolds instructed Tackett to "notify all necessary parties to assure representation of *Tallahatchie County* . . . on this matter." (Emphasis added.) Neither Fountain nor Reynolds informed TGH of her or his receipt of the notice. On October 23, 2007, a letter from Tallahatchie County's insurer, Zurich North America ("Zurich"),[2] to the Tallahatchie County Board of Supervisors, Reynolds, and Tackett concluded that coverage for Edwards's claim was excluded under the county's commercial general liability policy.

---

[2]Neither Zurich nor Tackett Insurance Agency provided liability insurance services to TGH.

¶8. On or about November 27, 2007, Brunson received a copy of the notice and letter sent to Tallahatchie County, "via facsimile from the offices of . . . Tackett Insurance Agency . . . ." Brunson forwarded the fax to his attorney, but did not provide it to TGH's insurer. The record includes multiple e-mails between March and May 2008 from counsel for TGH to Brunson and Reynolds, among others, noting that no suit had yet been filed in this matter.

¶9. On June 2, 2008, Edwards filed a complaint against "[TGH]; Barbara Criswell, FNP; and Doe Defendants 1-15, for the real, wrongful death of [Edwards] . . . ."[3] The complaint alleged that from May 18, 2007, through June 4, 2007, Myrtice Edwards was negligently medicated with "improper drugs" at TGH, which "caused or contributed to her death." The complaint further alleged that proper notice of claim had been served more than ninety days earlier upon Fountain and Reynolds, but failed to allege that notice of claim had been provided to TGH and Brunson.

¶10. On June 30, 2008, TGH filed a "Motion to Dismiss," asserting that Mississippi Code Section 11-46-11(1) required that the notice of claim be filed with TGH's CEO, Brunson, and "[b]ecause [Edwards] failed to give notification of their claim prior to filing suit, their claim must be dismissed. Because the statute of limitations period has now passed, [Edwards's] claims should be dismissed with prejudice." Subsequently, the parties agreed to conduct limited discovery for purposes of responding to the "Motion to Dismiss."

---

[3]At this time, another attorney represented Edwards.

¶11. Following a January 30, 2009, hearing, the circuit court entered an "Order Denying Motion for Summary Judgment."[4] According to the order, "[t]he issue . . . is [1] whether the notice of claim sent to Tallahatchie County is sufficient under the statute, and [2] if not, was the receipt of the notice of claim by the CEO of TGH sufficient notice under the statute." As to (1), the circuit court concluded that Edwards "sued TGH and proper service of notice to TGH would be on the [CEO] of TGH not Tallahatchie County." Regarding (2), the circuit court stated that:

> every post-[*University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815 (Miss. 2006)] case found by this [c]ourt on the issue of [Section] 11-46-11(1) specifically notes the requirement of strict compliance with the 90 day notice. Those cases deal with situations where no notice was given or suit was filed within the ninety days. The post-*Easterling* cases were decided on issues other than who received the notice. This [c]ourt assumes that if the Supreme Court in *Easterling* had meant to overrule *Powell* [*v. City of Pascagoula*, 752 So. 2d 999 (Miss. 1999)] as to the requirement of substantial compliance in regard to whom notice is sent, that the Supreme Court would have specifically overruled *Powell* or, alternatively, noted in . . . *Easterling* . . . that strict compliance was the law as to [Section] 11-46-11(1) rather than specifically noting it applied to the 90 day requirement contained in [Section] 11-46-11(1).

Based thereon, the circuit court concluded that:

> because TGH timely received a copy of the notice that was sent to [Tallahatchie County] and . . . they have presented no evidence that they will be in any manner prejudiced, . . . this constitutes substantial compliance under the statute and is the appropriate standard under *Powell* as relates to the person receiving the actual notice. . . . [T]here has been no argument presented that the 90 day notice requirement under [Section] 11-46-11(1) was not otherwise

---

[4]TGH's "Motion to Dismiss" was converted into a motion for summary judgment by virtue of depositions presented to the circuit court. *See* Miss. R. Civ. P. 12(b) ("[i]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").

6

strictly complied with. Therefore, . . . based on the case law and this [c]ourt's interpretation of the statute, . . . notice was properly given.

¶12.   Thereafter, this Court granted TGH's "Petition for Interlocutory Appeal."

## ISSUES

¶13.   On appeal, TGH presents the following issues:

(1) Whether the sovereign immunity of a political subdivision is waived where a party fails to give notice under Mississippi Code Section 11-46-11(1) of an intent to sue that particular entity.

(2) Whether substantial compliance is the standard with regard to the notice provision of Mississippi Code Section 11-46-11(1), particularly that notice must be served upon the proper entity, and if so, if the fact that the chief executive officer of a public hospital by happenstance receives a copy of a notice of an intent to sue another party constitutes substantial compliance with the pre-suit notice provisions of Mississippi Code Section 11-46-11(1).

(3) When sovereign immunity has not been waived, whether the simple filing of a complaint can toll the statute of limitations.

## STANDARD OF REVIEW

¶14.   This Court has stated that it:

["]reviews errors of law, which include the proper application of the Mississippi Tort Claims Act, de novo." [*Fairley v. George County*, 800 So. 2d 1159, 1162 (Miss. 2001)]. Moreover, we review summary judgments de novo. *Grange Mut. Cas. Co. v. U.S. Fid. & Guar. Co.*, 853 So. 2d 1187, 1190 (Miss. 2003). The facts are viewed [in] the light most favorable to the nonmovant. . . . A nonmovant must show by specific facts that there exists a genuine issue of material fact; that is, the nonmoving party may not rest on allegations or denials in the pleadings to withstand the motion. *Id*.

*Fairley v. George County*, 871 So. 2d 713, 716 (Miss. 2004).

7

**ANALYSIS**

I.      **Whether the sovereign immunity of a political subdivision is waived where a party fails to give notice under Mississippi Code Section 11-46-11(1) of an intent to sue that particular entity.**

and

II.      **Whether substantial compliance is the standard with regard to the notice provision of Mississippi Code Section 11-46-11(1), particularly that notice must be served upon the proper entity, and if so, if the fact that the chief executive officer of a public hospital by happenstance receives a copy of a notice of an intent to sue another party constitutes substantial compliance with the pre-suit notice provisions of Mississippi Code Section 11-46-11(1).**

¶15. "The basic principle of sovereign immunity is that the 'king can do no wrong.' Consequently, the [S]tate is free from any liabilities unless it carves an exception. These exceptions come in the form of tort claims acts." *Mohundro v. Alcorn County*, 675 So. 2d 848, 852 (Miss. 1996) (quoting *Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 443-44 (5th Cir. 1991)). *See also* Miss. Code Ann. § 11-46-7(1) (Rev. 2002) ("[t]he remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee . . . ."); *Reaves v. Randall*, 729 So. 2d 1237, 1240 (Miss. 1998) (the Mississippi Tort Claims Act ("MTCA") was "adopted to reduce the harsh effect" of sovereign immunity). In enacting the MTCA, the Legislature reaffirmed the principle of sovereign immunity. *See* Miss. Code Ann. § 11-46-3 (Rev. 2002). Nonetheless, in Mississippi Code Section 11-46-5(1), the Legislature waived such immunity of the state and its political subdivisions "from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and

8

scope of their employment[5] . . . to the extent of the maximum amount of liability provided for in Section 11-46-15." Miss. Code Ann. § 11-46-5(1) (Rev. 2002). But the Legislature added that "any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter . . . ." Miss. Code Ann. § 11-46-7 (Rev. 2002). *See also* **Easterling**, 928 So. 2d at 818 ("[t]he [MTCA] sets forth procedures a claimant *must* follow in order to assert a claim against a governmental entity.") (emphasis added); **Vortice v. Fordice**, 711 So. 2d 894, 896 (Miss. 1998). The Legislature further mandated clear requirements to be met by an individual seeking to avail himself or herself of the remedies arising under the provisions of the chapter. Miss. Code Ann. § 11-46-11(1) (Rev. 2002).

¶16. As a community hospital located in Tallahatchie County, Mississippi, TGH is a "political subdivision" of the State. *See* Miss. Code Ann. § 11-46-1(i) (Rev. 2002). Accordingly, Edwards is subject to the notice requirements and statutes of limitations provided in Mississippi Code Section 11-46-11. *See* Miss. Code Ann. § 11-46-11 (Rev. 2002). Section 11-46-11(1) provides, in pertinent part, that:

> [a]fter all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that *ninety (90) days prior to maintaining an action thereon, such person* ***shall*** *file a notice of claim with the chief executive officer of the governmental entity*. Service of notice of claim may also be had in the following manner: If the governmental entity is a

---

[5]However, Mississippi Code Section 11-46-11(9) sets forth a list of outright exemptions from governmental liability. *See* Miss. Code Ann. § 11-46-11(9) (Rev. 2002).

county, then upon the chancery clerk of the county sued;[6] if the governmental entity is a municipality, then upon the city clerk.

Miss. Code Ann. § 11-46-11(1) (Rev. 2002) (emphasis added). Based upon subsection (1), the circuit court correctly found that "proper service of notice to TGH would be on the [CEO] of TGH not Tallahatchie County."

¶17. However, the circuit court's conclusion that "substantial compliance" is the standard "in regard to whom the notice is sent" is erroneous. This Court has a "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." *Easterling*, 928 So. 2d at 820. The Legislature's statutory use of the term "shall" connotes a mandatory requirement. *See Weiner v. Meredith*, 943 So. 2d 692, 694 (Miss. 2006). Section 11-46-11(1) expressly provides that the notice of claim *shall* be *filed* "with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1) (Rev. 2002). "It would set a dangerous precedent if this Court were to ignore specific statutory requirements for notice." *Reaves*, 729 So. 2d at 1240 (quoting *Carpenter v. Dawson*, 701 So. 2d 806, 808 (Miss. 1997)). This Court has expressly and clearly stated that Section 11-46-11(1) provides a "mandatory notice requirement . . . ." *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1259 (Miss. 2006) (quoting *Black v. City of Tupelo*, 853 So. 2d 1221, 1226 (Miss. 2003)). *See also Arceo v. Tolliver*, 19 So. 3d 67, 72 (Miss. 2009) ("the MTCA requires written notice of a claim in advance of the filing of a lawsuit, a requirement which . . . is strictly applied");

---

[6]This Court finds this provision of Section 11-46-11(1) inapplicable. While Tallahatchie County owns TGH, as a "community hospital," TGH is a "separate statutory entit[y]" from Tallahatchie County. *See* Miss. Code Ann. §§ 11-46-1(i) (Rev. 2002) (a "community hospital" is designated as a "political subdivision" separate and apart from a county or municipality); 41-13-10(c) (Rev. 2002) (defining "community hospital").

*Price v. Clark*, 21 So. 3d 509, 518 (Miss. 2009) ("[s]trict compliance with statutory notice is required . . . "); *Easterling*, 928 So. 2d at 820 (quoting *Ivy v. GMAC*, 612 So. 2d 1108, 1116 (Miss. 1992)) ("the ninety-day notice requirement . . . is a 'hard-edged, mandatory rule which the Court strictly enforces'").[7] In *Arceo*, this Court added that, under the Medical Malpractice Tort Reform Act,[8] "[t]he mandatory nature of the notice requirement is such that what the recipient may or may not actually have known is irrelevant." *Arceo*, 19 So. 3d at 72. Therefore, to the extent that *Powell* holds otherwise, it is overruled.[9]

---

[7]With respect to the argument that the strict-compliance standard of *Easterling* applied "only . . . in those cases in which there has been no compliance with the ninety-day notice requirement[,]" the Mississippi Court of Appeals has held:

> [w]e do not agree. It is apparent that *Easterling*'s strict compliance standard is meant to apply equally to cases in which *no notice is filed*, notice is filed after the complaint, or the complaint is filed sooner than ninety days after filing notice. In so finding, we not only look to the facts of *Easterling* but also the facts of those cases it explicitly overruled.

*Brown v. Sw. Miss. Reg'l Med. Ctr.*, 989 So. 2d 933, 936-37 (Miss. Ct. App. 2008) (emphasis added).

[8]"This Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the [MTCA]." *Arceo*, 19 So. 3d at 71.

[9]*Powell* also is a factually unique case. There, the plaintiff sued the City of Pascagoula following an automobile accident with a city police officer. *See Powell*, 752 So. 2d at 1001. The notice-of-claim letter had been sent to the city clerk at a time when Section 11-46-11(1) provided only that notice of claim shall be filed "with the chief executive officer of the governmental entity[,]" although even the city attorney had advised the plaintiff that service upon the city clerk was "as good as any." *Id*. at 1001, 1003 (quoting Miss. Code Ann. § 11-46-11(1)). By the time this Court ruled upon the case, however, the statute had been amended to permit service of the notice of claim upon the city clerk when suing a municipality. *See id*.

¶18. It is undisputed that Edwards never filed the statutorily required notice with TGH's CEO, Brunson, and absent compliance with the statute, TGH's immunity is intact. *See* Miss. Code Ann. § 11-46-7(1) (Rev. 2002) ("any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter . . . ."). As Fountain and Reynolds were not the "chief executive officer of the governmental entity[,]" under Mississippi Code Section 11-46-11(1), they were not the proper parties to receive the notice of claim under the MTCA. *See* **Parker v. Harrison County Bd. of Supervisors**, 987 So. 2d 435, 440-41 n.7 (Miss. 2008) (Associated Adjusters was not the CEO of the governmental entity, therefore, Associated Adjusters was "not the proper party to receive notice under the [MTCA]."); **Harris v. Miss. Valley State Univ.**, 873 So. 2d 970, 988 (Miss. 2004) ("[T]he President of MVSU is the chief executive officer of the university. IHL is not a substitute for the President of MVSU."). Edwards failed to comply with the mandatory requirements of Section 11-46-11(1) by failing to file a notice of claim with TGH's CEO, Brunson. If notice is not given to the proper entity, the entire purpose of the ninety-day period is thwarted. Under the circuit court's ruling, a public hospital could be deemed to be on notice of a claim regardless of the form or source of its information. As Edwards was and remains noncompliant with the mandatory provisions of Section 11-46-11(1), the lawsuit should be dismissed. *See* **Price**, 21 So. 3d at 522 ("[b]ecause Price failed to comply with the requisite notice requirements, dismissal was the proper remedy . . . .").

### III. When sovereign immunity has not been waived, whether the simple filing of a complaint can toll the statute of limitations.

¶19. On this issue, the parties seek an advisory opinion in the event that Edwards refiles suit. But this Court does not issue advisory opinions. *See Scoggins v. Baptist Mem'l Hosp.-Desoto*, 967 So. 2d 646, 649 n.1 (Miss. 2007) ("The purpose of our appellate review is not to settle questions in the abstract or to issue advisory opinions."). Additionally, as the circuit court entered an "Order Denying Motion for Summary Judgment," we will not hold it in error on a matter upon which it has not yet ruled. In sum, the issue of the tolling of the statute of limitations "is premature and not ripe for appellate review, and we decline to address it today." *Thoms v. Thoms*, 928 So. 2d 852, 855 (Miss. 2006).

### CONCLUSION

¶20. Accordingly, this Court reverses the Circuit Court of Tallahatchie County's "Order Denying Motion for Summary Judgment," and remands for entry of a judgment consistent with this opinion.

¶21. **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.**

**KITCHENS, JUSTICE, DISSENTING:**

¶22. For the reasons explained by my colleagues in numerous separate opinions regarding compliance with statutory presuit notice requirements, I respectfully disagree that the failure strictly to comply with these kinds of legislative mandates requires dismissal of any sort. *See, e.g., Arceo v. Tolliver ("Tolliver II")*, 19 So. 3d 67, 79-81 (Miss. 2009) (Graves, P.J.,

13

dissenting); ***Price v. Clark***, 21 So. 3d 509, 531-40 (Miss. 2009) (Graves, P.J., dissenting); ***Bunton v. King****,* 995 So. 2d 694, 697-98 (Miss. 2008) (Graves, J., dissenting); ***Cmty. Hosp. of Jackson v. Goodlett***, 968 So. 2d 391, 398-400 (Miss. 2007) (Diaz, P.J., dissenting); ***Caldwell v. N. Miss. Med. Ctr.***, 956 So. 2d 888, 895-97 (Miss. 2007) (Diaz, J., dissenting); ***Arceo v. Tolliver ("Tolliver I")****,* 949 So. 2d 691, 698-704 (Miss. 2006) (Graves, J., dissenting); ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 820-21 (Miss. 2006) (Easley, J., dissenting); ***Fairley v. George County****,* 871 So. 2d 713, 718-24 (Miss. 2004) (Easley, J., concurring in result). That Tallahatchie General Hospital had actual notice of the potential lawsuit reinforces my opinion that the trial judge did not err by refusing to dismiss the claim.

¶23.    Setting aside my respectful disagreement with the majority regarding noncompliance, I take issue with the Court's refusal to address whether the dismissal should be with or without prejudice. The majority holds that our addressing this issue would constitute an advisory opinion; however, the issue is squarely before us. By holding that the case should simply be dismissed without addressing whether such dismissal should be with or without prejudice, the trial judge and the parties, on remand, are left without the guidance they have every right to expect from us. This is a question of law, and we are duty-bound to address it. Indeed, the case is before us on an interlocutory appeal, a process that is designed to: "(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or (2) Protect a party from substantial and irreparable injury; or (3) Resolve an issue of general importance in the administration of justice." M.R.A.P. 5(a). Today's majority opinion does none of these things and, thus, is wasteful of judicial resources.

14

¶24. Morever, in *Tolliver I*, 949 So. 2d 691, a case with an almost identical procedural posture, this Court had no reservations about giving direction to the trial court. In that case, the plaintiff had failed to provide a notice-of-claim letter pursuant to Mississippi Code Section 15-1-36(15) (Rev. 2003). *Id.* at 692. The defendants moved to dismiss the case or, in the alternative, grant summary judgment, and the trial court denied the motion. *Id.* After granting the defendants' petition for interlocutory appeal, this Court held that the trial court erred in denying summary judgment and that the case should have been dismissed *without prejudice*. *Id.* at 692, 698. As in *Tolliver I*, this Court ought to clarify whether dismissal is to be with or without prejudice.

¶25. But, because I would affirm the trial court's denial of summary judgment, inasmuch as the defendants received actual notice of the suit, albeit somewhat circuitously, I respectfully dissent.

**GRAVES, P.J., JOINS THIS OPINION.**