# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01636-COA

**CHAQUITA S. DOBBS**                                                    **APPELLANT**

**v.**

**CITY OF COLUMBUS, MISSISSIPPI AND**                      **APPELLEES**
**DALTON T. CONWILL, IN HIS OFFICIAL**
**CAPACITY AS A CITY OF COLUMBUS**
**POLICE OFFICER**

DATE OF JUDGMENT:                    11/01/2018
TRIAL JUDGE:                                 HON. LEE SORRELS COLEMAN
COURT FROM WHICH APPEALED:    LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        BARBARA W. CLARK
ATTORNEY FOR APPELLEES:        KATHERINE S. KERBY
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
DISPOSITION:                     AFFIRMED - 12/10/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     This is a Mississippi Tort Claims Act (MTCA) case.  The case arises from a two-car automobile accident between Chaquita Dobbs and City of Columbus police officer Dalton Conwill.  Following the accident, Dobbs sued the City of Columbus, Mississippi (city) and Conwill in his official capacity as a city police officer.  The circuit court dismissed the action because Dobbs failed to comply with the statutory notice requirements of Mississippi Code Annotated section 11-46-11 (Rev. 2012).  Dobbs now appeals, alleging (1) that she substantially complied with the statute, (2) that the city waived the statutory pre-suit notice requirement, and (3) that she should have been allowed to conduct discovery prior to

dismissal. We find that strict compliance with section 11-46-11 is necessary, and the circuit court did not err. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    On May 16, 2017, Dobbs and Conwill were in a two-car automobile accident. Conwill, who was on duty as a city police officer at the time of the accident, allegedly crossed the centerline, hitting Dobbs head on.

¶3.    Ten days later, Travelers, the city's automobile-liability insurance carrier, sent Dobbs a letter. In the letter, Travelers acknowledged that it had received an accident report and that it was investigating responsibility. On June 8, 2017, Travelers sent Dobbs a second letter. In the second letter, Travelers "acknowledged receipt" of claim number E7C2905—Claimant: Chaquita Dobbs, Insured: City of Columbus—but stated that it was denying the claim. Travelers explained,

> With respect to claims arising out of police and fire protection activities, the [MTCA] generally provides for the imposition of liability only in instances where the governmental employee acted in reckless disregard for the safety and well-being of others. The investigation here did not reveal that Dalton Conwill acted in an intentional, willful or otherwise reckless manner, and therefore there does not appear to be any evidence of reckless disregard in this instance. As such, it is our position that the City of Columbus and Dalton Conwill are not liable for the accident in question or any alleged damages resulting from same.

¶4.    On November 16, 2017, Dobbs's attorney mailed a "Notice of Claim," via certified mail, to the city's chief operations officer (COO), David Armstrong. In the letter, Dobbs's attorney stated that the May 16 accident resulted in a total loss of Dobbs's vehicle and severe personal injuries to Dobbs. She also alleged that the accident resulted from Conwill's gross

2

negligence and demanded $75,000 to settle Dobbs's claim against the city. On February 1, 2018, Travelers sent a response letter to Dobbs's attorney. In the letter, which was verbatim of the June 8, 2017 letter sent to Dobbs, Travelers again acknowledged receipt of claim number E7C2905, arising from the May 16, 2017 accident, and again Travelers stated it was denying the claim.

¶5. On May 11, 2018, Dobbs filed the subject action. Rather than filing an answer, the city filed a motion to dismiss.[1] In its motion, the city contended that dismissal should be granted because Dobbs did not serve pre-suit notice on the statutorily mandated recipient—the city clerk or the mayor—pursuant to Mississippi Code Annotated section 11-46-11(2)(a). Dobbs filed a response in opposition. Following a hearing on the motion, the circuit court entered an order of dismissal, granting the city's motion. Dobbs now appeals.

¶6. On appeal, Dobbs raises three issues: (1) whether the pre-suit notice that Dobbs sent to the city's COO substantially complied with section 11-46-11; (2) whether the city waived the pre-suit notice required by section 11-46-11 when its insurer made initial contact with Dobbs regarding its claim investigation and denial; and (3) whether the circuit court erred in dismissing Dobbs's claim without allowing her to conduct discovery to determine if the city had actual notice of her claim. We address these issues in turn.

STANDARD OF REVIEW

---

[1] The city filed its motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, Rule 12(b)(4) for deficient process, Rule 12(b)(5) for insufficiency of service of process, Rule 12(b)(6) for failure to state a claim upon which relief may be granted for defective service of pre-suit tort notice and for deficient service of process, and Rule 12(h)(3) for lack of jurisdiction.

¶7.    "When considering a motion to dismiss, this Court's standard of review is de novo." *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006). "This Court will not disturb the findings of the trial court unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Id.* We also review questions of law, including statutory interpretation and the proper application of the MTCA, de novo. *Arceo v. Tolliver*, 19 So. 3d 67, 70 (¶9) (Miss. 2009); *Fairley v. George County*, 871 So. 2d 713, 716 (¶7) (Miss. 2004).

DISCUSSION

¶8.    Dobbs's complaint, which asserts tort claims against Conwill in his official capacity as a city police officer, falls under the MTCA. "The MTCA provides immunity for the alleged torts of governmental entities[; but it] waives that immunity, and the governmental entity is liable, for injuries caused by the entity or its employees while acting in the course and scope of their employment." *Zumwalt v. Jones Cty. Bd. of Sup'rs*, 19 So. 3d 672, 688 (¶82) (Miss. 2009).

¶9.    To file an MTCA action, a party must comply with the statute's notice requirement, which in relevant part, provides as follows:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person *must* file a notice of claim with the chief executive officer of the governmental entity.
>
> (2)(a) Service of notice of claim *shall* be made as follows:
>     (i) For local governments:
>         1.    If the governmental entity is a county, then upon the chancery clerk of the county sued;

4

2.      *If the governmental entity is a municipality, then upon the city clerk. . . .*

Miss. Code Ann. § 11-46-11 (emphasis added).  Because Dobbs intended to file an MTCA action against a municipality, she had to serve a notice of claim upon the chief executive officer of the city (the mayor) or the city clerk "at least ninety . . . days before instituting" the action.  *Id.*

## I.      Substantial Compliance with Section 11-46-11

¶10.    The circuit court dismissed Dobbs's complaint "due to lack of proper pre[-]suit legal notice . . . as required by the [MTCA]."  Dobbs contends that her claim should not have been dismissed for deficient pre-suit notice because she substantially complied with section 11-46-11(2)(a).  Dobbs does not dispute that she did not serve her notice of claim on the city's CEO (the mayor) or the city clerk but contends that her service upon the city's COO was sufficient.  We disagree.

¶11.    In *Tallahatchie General Hospital v. Howe*, 49 So. 3d 86 (Miss. 2010), the Mississippi Supreme Court enforced a strict compliance standard regarding the proper recipients of the statutory notice of claim required by the MTCA.[2]  *Id*. at 92 (¶17).  There, the Court emphasized that we have a "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation."  *Id*. (quoting *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (¶23) (Miss. 2006)).  And it noted that "[t]he Legislature's statutory use of the term 'shall' connotes a mandatory requirement."  *Id*.

---

[2] Dobbs refers the Court to a number of cases that pre-date *Tallahatchie*, but we find *Tallahatchie* to be controlling.

¶12. As pointed out by the city here, section 11-46-11(2)(a) provides: "Service of notice of claim *shall* be made as follows: . . . If the governmental entity is a municipality, then upon the city clerk." (Emphasis added).[3] Accordingly, service of the notice of claim upon the city clerk is a mandatory requirement, and substantial compliance is not enough. Because Dobbs failed to comply with the MTCA's statutory notice requirements, the circuit court properly dismissed her action.

## II. Pre-suit Notice Requirement

¶13. Dobbs next contends that the city waived section 11-46-11's pre-suit notice requirement when the city's liability insurer, Travelers, made initial contact with Dobbs regarding its claim investigation and denial. According to Dobbs, "The actions of Travelers [are] sufficient to estop the [city] from asserting lack of actual notice." Dobbs relies on *Ferrer v. Jackson County Board of Supervisors*, 741 So. 2d 216, 217 (¶ 1) (Miss. 1999), which applies a substantial compliance standard to section 11-46-11's notice provisions, in support of her position. But *Ferrer* applies an older version of section 11-46-11, and as noted in *Tallahatchie* and clarified by the 2012 amendment to section 11-46-11, substantial compliance with section 11-46-11's notice provisions is no longer enough. Further, the facts

---

[3] The Legislature amended section 11-46-11 in 2012. This amendment is of particular note because the prior version of the statute provided: "such person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim *may* also be had in the following manner: . . . if the governmental entity is a municipality, then upon the city clerk." Miss. Code Ann. § 11-46-11 (Rev. 2002) (emphasis added). This implies that the Legislature intended this to be a mandatory requirement. This also infers that, when the defendant is a municipality, "fil[ing] a notice of claim with the chief executive officer of the governmental entity" is accomplished by serving the city clerk. Regardless of whether section 11-46-11 requires service upon the city clerk, the city's CEO (the mayor), or both, it is undisputed that Dobbs served neither in this matter.

in *Ferrer* were notably different than the facts here.

¶14. In *Ferrer*, a driver sued the county board of supervisors after becoming injured in a two-car automobile accident with the deputy sheriff. *Id.* at 217 (¶5). After the accident, but prior to the driver initiating his action, the board and the driver had significant settlement negotiations, which went on for several months. *Id.* at (¶6). The board paid the driver approximately $10,000 for property damages and rental-car expenses, but the parties were not able to reach a settlement agreement for the driver's personal injuries. *Id.* at (¶7). The driver then filed an MTCA action against the board, and after answering, the board filed a motion for summary judgment alleging that the driver had failed to provide the board with the ninety-day notice required by section 11-46-11. *Id.* at 218 (¶8). The driver contended that the board had complete and actual notice of his claim due to the protracted settlement negotiations between them. *Id.* The court disagreed and granted the board's motion for summary judgment. *Id.* at (¶9). The driver appealed. *Id.*

¶15. On appeal, the Mississippi Supreme Court found that the board had waived the notice requirement by its actions: "The extensive communication . . . between [the driver] and the [b]oard put the [b]oard on notice of [the driver's] claim. Further, the actions taken by the [b]oard in paying [the driver's] property damage claims and proposing a settlement offer served to estop the [b]oard from asserting the notice requirement." *Id.* at 219 (¶¶15-16). The same cannot be said in this case.

¶16. Here, Traveler's limited communication with Dobbs, through three letters, only conveyed acknowledgment of the automobile accident and related claims, and its denial of

7

the same. There is nothing in the record to indicate that the city itself ever communicated about the substance of Dobbs's claims with Dobbs. Neither the city nor Travelers participated in any settlement negotiations with Dobbs, much less paid Dobbs for any portion of her claims. Accordingly, the record does not support Dobbs's contention that the city waived section 11-46-11's pre-suit notice requirement, and this issue lacks merit.

### III.    Discovery to Determine if the City had Actual Notice

¶17.    Finally, Dobbs contends that she should have been allowed to conduct discovery to determine if the city had actual notice of her claim. But as we discussed supra, the language of section 11-46-11 mandates strict compliance with the notice requirement. In other words, "the mandatory nature of the notice requirement is such that what the recipient may or may not actually have known is irrelevant." *Tallahatchie*, 49 So. 3d at 92 (¶17) (quoting *Arceo*, 19 So. 3d at 72 (¶20)).[4] This issue therefore lacks merit.

CONCLUSION

¶18.    The circuit court properly applied section 11-46-11 in this matter. Because we find the circuit court did not thereby err in granting the city's motion to dismiss, we affirm.

¶19.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE AND McCARTY, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[4] *Arceo* concerns the application of the Medical Malpractice Tort Reform Act, to which "[t]his Court repeatedly has applied the same standards of construction and application . . . as those applied to the [MTCA]." *Id*. at 71 (¶16).