# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-IA-00394-SCT

*THE CITY OF JACKSON, MISSISSIPPI*

*v.*

*RICARDO JONES*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2023 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | DANA P. SIMS |
| | E. CLAIRE BARKER |
| | JEFFREY MATTHEW GRAVES |
| | HUGH GILLON |
| | JAMES RICHARD DAVIS, JR. |
| | DENNIS C. SWEET, III |
| | DENNIS CHARLES SWEET, IV |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SHERIDAN ASHANTI SIMONE CARR |
| | DREW McLEMORE MARTIN |
| ATTORNEYS FOR APPELLEE: | DENNIS C. SWEET, III |
| | DENNIS CHARLES SWEET, IV |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 08/08/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal hinges on the notice requirement of the Mississippi Tort Claims Act (MTCA). The facts in this case are not in dispute. Before suing the City of Jackson for negligence, Ricardo Jones sent certified letters to the mayor and the individual

city councilmen notifying them of his claim. But he did not send a notice of claim to the city clerk.

¶2. The MTCA's presuit notice requirement "is mandatory with regard to who the recipient must be."[1] And the MTCA is clear that presuit notice must be filed upon the *city clerk* before suing a municipality.[2] Serving notice on the mayor or city council will not suffice. So the certified letters Jones directed to the mayor and city councilmen did not comply with Section 11-46-11(2)'s presuit notice requirement. And when a claimant does not comply with Section 11-46-11(2)'s mandatory requirement, his lawsuit must be dismissed.[3]

¶3. For this reason, the trial court erred when it denied the City's motion for summary judgment seeking dismissal of Jones's claims based on his failure to comply with Section 11-46-11(2). We reverse and render judgment in the City's favor, dismissing all of Jones's claims against the City.

### Background Facts & Procedural History

¶4. Jones sued the City for injuries he allegedly sustained from driving his car into a large pothole in one of the City's streets. Before filing suit, Jones sent his presuit notice of claim via certified mail to the City's mayor and the individual members of the City council.

---

[1] *Burnett v. Hinds Cnty., Miss., ex rel. Bd. of Supervisors*, 313 So. 3d 471, 475 (Miss. 2020) (citing *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 91-92 (Miss. 2010)).

[2] Miss. Code Ann. § 11-46-11(2) (Rev. 2019).

[3] *Burnett*, 313 So. 3d at 475 (citing *Howe*, 49 So. 3d at 92).

¶5. When the City received the complaint, the City did not file an answer. Instead, it immediately filed a motion to dismiss. The City asserted that Jones had failed to serve his notice of claim upon the city clerk as required by the MTCA.[4] The City styled its motion a summary-judgment motion because it had attached an affidavit from the city clerk swearing no notice of suit was ever filed upon her. *See* Miss. R. Civ. P. 12(b) (directing that motions to dismiss in which matters outside the pleadings are presented are to be treated as motions for summary judgment). Jones objected to the motion, asserting he had served notice by certified mail. As support, he attached copies of the return receipts of the certified letters he mailed to the mayor and council members. But none of the return receipts were signed by the intended recipients. Instead, the letters were delivered to the building next door and signed by treasury department employee Velma Morgan.

¶6. The trial court denied the City's summary-judgment motion without explanation. The City then petitioned this Court for permission to file an interlocutory appeal, which we granted.

**Discussion**

---

[4] Alternatively, the City claimed Jones had failed to exhaust his administrative remedies with the City before filing suit. Section 11-46-11 begins with this qualification—"After all procedures within a governmental entity have been exhausted . . . ." Miss. Code Ann. § 11-46-11(1) (Rev. 2019). The City argued that it has an administrative procedure for liability claims against the City, which Jones did not avail himself of before filing suit. On interlocutory appeal, the City also raises this alternative failure-to-exhaust-administrative-remedies claim. But the City's primary argument—that Jones failed to serve the presuit notice of claim on the proper person, i.e., the city clerk—is dispositive. So it is unnecessary to address the City's alternate claim.

¶7. We review the denial of summary judgment de novo. ***Burnett***, 313 So. 3d at 475 (citing ***Arceo v. Tolliver***, 949 So. 2d 691, 694 (Miss. 2006)). The summary-judgment standard is clear—when no material facts are in dispute and the movant demonstrates it is entitled to judgment as a matter of law, judgment shall be rendered forthwith in its favor. Miss. R. Civ. P. 56(c). Here, the material facts are not in dispute. Before filing suit, Jones did not deliver a notice of claim to the city clerk. Instead, he sent via certified mail his notice of claim to the mayor and city councilmen and received return receipts signed by a city employee who does not even work in the mayor's office. Because Jones did not comply with Section 11-46-11(2)'s mandate to send notice to the city clerk, his lawsuit against the City must be dismissed. ***Burnett***, 313 So. 3d at 475 (citing ***Howe***, 49 So. 3d at 92).

## I. Jones failed to strictly comply with Section 11-46-11(2).

¶8. The MTCA generally waives "the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities . . . ." Miss. Code Ann. § 11-46-5(1) (Rev. 2019). But the MTCA also "sets forth the procedures a claimant *must follow* in order to assert a claim against a governmental entity." ***Univ. of Miss. Med. Ctr. v. Aycock***, 369 So. 3d 534, 539 (Miss. 2023) (emphasis added). Stated differently, immunity is waived—but only if a claimant follows certain specific requirements. Otherwise, immunity remains intact. ***Howe***, 49 So. 3d at 92.

¶9. Relevant to this appeal is the presuit notice requirement of Section 11-46-11. Under Section 11-46-11(1), any person having a claim against a governmental entity must, at least ninety days before filing suit, "file a notice of claim with the chief executive officer of the

4

governmental entity." Section 11-46-11(2) is more specific about the person upon whom notice must be filed. "If the governmental entity to be sued is a state entity . . . or is a political subdivision *other than a county or municipality*, service of notice of claim shall be had only upon that entity's or political subdivision's chief executive officer." Miss. Code Ann. § 11-46-11(2)(a)(ii) (emphasis added). But, "[f]or local governments"—i.e., counties and municipalities—service of the notice must be made "upon the chancery clerk of the county sued" if the governmental entity being sued is a county and "upon the city clerk" if the governmental entity being sued is a municipality. *Id.* In other words, if you want to sue a state agency, you must serve the notice of claim on the agency's CEO. But if you want to sue a municipality, you must serve the notice of claim on the city clerk.

¶10. Even though he sued a municipality, Jones contends he had the option to serve his notice of claim upon the mayor, whom he characterizes as the City's CEO. He points to the language in Section 11-45-11(1) that requires a claimant to "file a notice of claim with the chief executive officer of the governmental entity." He also points Section 11-46-11(3), which tolls the one-year statute of limitations for "for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim." Miss. Code Ann. § 11-46-11(3)(a) (Rev. 2019). Jones asserts a "close reading of [s]ubsections (1) and (3) leaves two plausible conclusions as to who may receive a Notice of Claim on behalf of a municipality"—the chief executive officer (i.e., the mayor) or the city clerk.

¶11.    But Jones's "close reading" completely overlooks subsection (2) and its clear designation of the city clerk as the mandatory recipient of the notice of suit.  Notably, the Legislature added subsection (2) to Section 11-46-11 in 2012.  S.B. 2845, Reg. Sess., 2012 Miss. Laws ch. 513, § 1.  Before this 2012 amendment, a claimant like Jones would have had two options for whom to serve a notice of claim against a municipality—the chief executive officer (i.e., the mayor) or the city clerk.[5]  But in 2012, the Legislature revised the statute.  And it removed the option of serving the notice of claim on the mayor.  Now, Section 11-46-11(2)(a)(i) makes clear that, "[s]ervice of notice of claim shall be made as follows: . . . If the governmental entity is a municipality, then upon the city clerk."  "The Legislature's statutory use of the term 'shall' connotes a mandatory requirement."  ***Howe***, 49 So. 3d at 92.  Thus, Section 11-46-11(2) "is mandatory with regard to who the recipient must be." ***Burnett***, 313 So. 3d at 475 (citing ***Howe***, 49 So. 3d at 92).

¶12.    So in this case, serving the city clerk with the notice of claim was mandatory, not optional as Jones claims.  And because Jones did not comply with this mandatory requirement, his lawsuit against the City must be dismissed.  ***Id.***

   II.    **No facts support Jones's waiver or estoppel argument.**

---

   [5] Here is how Section 11-46-11(1) read before the 2012 amendment:

> . . . [S]uch person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim *may also* be had in the following manner: If the governmental entity is a county, then upon the chancery clerk of the county sued; if the governmental entity is a municipality, then upon the city clerk.

Miss. Code Ann. § 11-46-11(1) (Rev. 2002) (emphasis added).

6

¶13. Alternatively, Jones argues equitable estoppel and waiver preclude summary judgment. But Jones did not assert estoppel or waiver before the trial court. Instead, he argued he had complied with Section 11-46-11 by mailing notice to the mayor.

¶14. This Court has been clear that "[w]e will not consider issues raised for the first time on appeal." *Anderson v. LaVere*, 136 So. 3d 404, 410 (Miss. 2014) (citing *Flagstar Bank, FSB v. Danos*, 46 So. 3d 298, 311 (Miss. 2010)). So this issue is not properly before this Court. *See id.* (declining to consider the argument that the defendant had waived its statute of limitations defense because the waiver argument had not been raised in the trial court).

¶15. That said, Jones's claim also lacks merit. Recently, this Court did make clear that compliance with Section 11-46-11(2), though mandatory, "is also subject to waiver and estoppel." *Aycock*, 369 So. 3d at 541 (applying *Stuart v. Univ. of Miss. Med. Ctr.*, 21 So. 3d 544, 548-50 (Miss. 2009)). But this case is easily distinguishable from other Section 11-46-11 waiver and estoppel cases, namely *Aycock* and *Stuart*.

¶16. *Aycock* involved a state hospital, not a local government, so notice had to be served upon the hospital's CEO. 369 So. 3d at 541. But due to how the hospital organized its administration, it was unclear who the CEO was. *Id.* Further, the person who received the notice sent an acknowledgment to the claimant, without indicating the notice was noncompliant. *Id.* So in that case, there was evidence to assert estoppel to the trier of fact. *Id.* at 541-42. Here, there was no confusion as to who had to be served notice—the city clerk. And there was no acknowledgment by the City of having received the notice via the

mayor. Instead, there were return receipts signed by a city employee that did not even work in same building as the mayor. So there is no evidence to support estoppel.

¶17. Nor is there any evidence to support waiver. In *Stuart*, the hospital waived its claim of failure to provide notice under Section 11-46-11 by not asserting it in its answer to the complaint. Instead, it waited two and a half years to raise this defense in a motion for summary judgment. *Stuart*, 21 So. 3d at 548. But here, the City *immediately* responded to Jones's complaint by filing a summary-judgment motion seeking dismissal based on Jones's failure to comply with Section 11-46-11(2).

¶18. Jones argues the City still waived this issue by not timely setting a hearing for its motion. Instead, the motion was not denied until two and a half years later. While Jones contends he continued to litigate his claim during this time period, the docket tells a different story. Between the time the City filed its rebuttal in support of its motion for summary judgment in August 2020 and the trial court denied the motion in March 2023, *no* significant litigation activity occurred.[6] So this is not a case where the City waived its notice-failure claim by "participat[ing] fully in the litigation of the merits for over two years without actively contesting [lack of notice] in any way." *E. Miss. State Hosp. v. Adams*, 947 So. 2d 887, 891 (Miss. 2007). While there was delay, as soon as Jones attempted to litigate his case, the pending summary-judgment motion was denied.

---

[6] The docket reflects that in March 2022 Jones filed a motion for a status conference/trial setting. Jones did not serve discovery requests on the City until December 2022. He then filed a motion to compel on March 9, 2023. The trial court entered its order denying the City's summary-judgment motion the following week on March 15, 2023, at the same time it granted the motion to compel discovery.

8

¶19.    Because the City neither waived nor is estopped from asserting its notice-failure argument, it is entitled to dismissal for Jones's failure to comply with Section 11-46-11(2). ***Burnett***, 313 So. 3d at 475 (citing ***Howe***, 49 So. 3d at 92).

¶20.    We reverse the trial court's ruling denying the City summary judgment and render a judgment in the City's favor, dismissing Jones's claims against it.

¶21.    **REVERSED AND RENDERED.**

**KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**