# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00828-COA

**DEBRA ANN HUNTER LOWE**                                        **APPELLANT**

**v.**

**WALL DOXEY STATE PARK**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2023 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELAINE SHEN |
| ATTORNEY FOR APPELLEE: | BO R. BROCK |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 10/1/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     After a woman fell and suffered injuries, she sued a State-operated park for negligence.  The State moved to dismiss, arguing the suit was barred because the woman did not strictly comply with statutory notice requirements.  The trial court found the State was not properly served with presuit notice and granted the motion to dismiss.  Finding no error, we affirm and remand with instruction.

## FACTS AND PROCEDURAL HISTORY

¶2.     Debra Lowe was visiting Wall Doxey State Park, in Marshall County, in the fall of 2021.  Lowe used one of the showers in the restroom at Wall Doxey.  Afterward, when she began to sit down on a bench to dry off, the bench allegedly "collapsed without warning," and she fell to the floor.  The fall caused injuries to her lower back, legs, and tailbone, which

required medical attention.

¶3.    In June 2022, Lowe mailed a certified letter to provide "notice of [her] claim and [a] time[-]sensitive request to preserve evidence." The letter was sent to two different entities and addresses.  The first addressee was "North Regional Office" at a post office box in Enid, Mississippi.  The second was "Mississippi Department of Wildlife, Fisheries, and Parks Commission" at an address in Jackson.  In her notice letter, Lowe outlined the basis of her personal injury claim against Wall Doxey.  Critically, neither letter was addressed to any certain person—both simply began, "Dear Owner/Legal Department."

¶4.    On September 16, 2022, a year and six days after the fall, Lowe officially filed a personal injury lawsuit in the Marshall County Circuit Court, asserting a claim for negligence under the Mississippi Tort Claims Act.  Lowe captioned her suit with two different defendants.  The first was "Wall Doxey State Park."  While the notice letter was mailed to what she termed the Mississippi Department of Wildlife, Fisheries, and Parks *Commission*, the suit instead listed the Mississippi Department of Wildlife, Fisheries, and Parks *Foundation* as a defendant.

¶5.    The State filed a motion to dismiss Lowe's complaint, claiming that Lowe had not complied with the notice requirements of the MTCA, that the one-year statute of limitations for filing her claim had expired, and that the park itself was not subject to liability since it was only a facility, not a governmental entity.

¶6.    Lowe responded in opposition and also sought to amend her complaint. Lowe argued she should be able to amend her complaint due to incorrectly naming the Mississippi

2

Department of Wildlife, Fisheries and Parks Foundation; she requested leave to change the named defendant to the Mississippi Department of Wildlife, Fisheries and Parks Commission, which was one of the two entities to which she had sent presuit notice.

¶7.    The State opposed the motion to amend for two reasons.  First, it argued amending the complaint would be fruitless because substituting the Commission was incorrect since "the Commission is a separate body [of] the Mississippi Department of Wildlife, Fisheries, and Parks."  Second, the State continued to assert that the lack of proper presuit notice on the correct chief executive of the correct entity doomed the suit, regardless of amendment.

¶8.    The circuit court conducted a hearing to consolidate the pending motions.  After the hearing, the trial court dismissed Lowe's complaint.  Aggrieved, Lowe appeals.

## STANDARD OF REVIEW

¶9.    "We review questions of law, including the application of the MTCA and issues concerning statutes of limitations, de novo." *Benitez v. Wallace*, 281 So. 3d 1123, 1124 (¶7) (Miss. Ct. App. 2019).

## DISCUSSION

¶10.    While Lowe raises five issues on appeal, we find her improper presuit notice is dispositive.  The failure to provide presuit notice to the chief executive officer of the correct governmental entity requires dismissal with prejudice.

¶11.    Lowe sought to sue the State of Mississippi for damages.  This action is allowed pursuant to the Mississippi Tort Claims Act, which "generally waives 'the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of

3

such governmental entities . . . .'" *City of Jackson v. Jones*, No. 2023-IA-00394-SCT, 2024 WL 3715816, at \*2 (¶8) (Miss. Aug. 8, 2024) (quoting Miss. Code Ann. § 11-46-5(1)) *mot. for reh'g filed* (Aug. 13, 2024). "But the MTCA also sets forth the procedures a claimant must follow in order to assert a claim against a governmental entity." *Id*. (internal quotation and citation omitted). "Stated differently, immunity is waived—but only if a claimant follows certain specific requirements. Otherwise, immunity remains intact." *Id*.

¶12.     And prior to filing a lawsuit against the State, the Legislature has mandated "that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1) (Rev. 2019).

¶13.     So the first crucial task Lowe had to accomplish was to send a notice of claim to the proper governmental entity. The MTCA explains what constitutes a "Governmental entity," a "Political subdivision," and the "State" for purposes of this act. Miss. Code Ann. § 11-46-1(g), (i)-(j) (Rev. 2019). Crucially, the "'State' means the State of Mississippi and any office, department, *agency*, division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof . . . ." Miss. Code Ann. § 11-46-1(j) (emphasis added).

¶14.     Having been allegedly injured in a State park, a prospective plaintiff must then turn and find what particular component of the State would have authority over the parks. State law is clear that it is "The Mississippi Department of Wildlife, Fisheries and Parks" that has "full jurisdiction and control over all state parks, which parks shall be operated for the

purpose of providing outdoor recreational activities and enjoyment for the citizens of the State of Mississippi and for the purpose of attracting visitors to the state." Miss. Code Ann. § 55-3-33(1)(a) (Rev. 2022); *see Miss. Dep't of Wildlife, Fisheries & Parks v. Brannon*, 943 So. 2d 53, 55 (¶2) (Miss. Ct. App. 2006) (finding the Department operated a park in Pike County). The statute creating the Department sets out that its "principal office shall be located in Jackson, Mississippi," and that "[t]he department shall be headed by an executive director who shall be appointed by the Governor." Miss. Code Ann. § 49-4-6(1)-(2) (Rev. 2012).

¶15. Lowe never sent presuit notice to the Department of Wildlife, Fisheries and Parks. Instead, she sent presuit notice to the "Mississippi Department of Wildlife, Fisheries and Parks *Commission*" and then to what she characterized as a "North Regional Office," apparently of that same body. This notice did not strictly comply with statute or precedent, as Lowe did not send presuit notice to the correct governmental entity. Additionally, when she filed suit, Lowe named the park, individually, and then what she called the Department of Wildlife, Fisheries, and Parks Foundation.

¶16. The second crucial task involved in presuit notice is to name the correct "chief executive officer" of the entity subject to suit. "The Mississippi Supreme Court has held that strict compliance with the MTCA is required regarding *to whom* pre-suit notice must be given." *Esco v. Madison County*, 331 So. 3d 545, 551 (¶22) (Miss. Ct. App. 2021) (emphasis added). "If a complainant is and remains noncompliant with that mandatory provision, the lawsuit must be dismissed." *Id*. at 552 (¶23) (internal quotation and citation omitted).

¶17. In a key case interpreting to whom presuit notice must be given, our Supreme Court found notice was not properly provided when a plaintiff did not serve it on the chief executive officer of a hospital, but instead on the chancery clerk and attorney for the county board of supervisors since "they were not the proper parties to receive the notice of claim under the MTCA." *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 93 (¶18) (Miss. 2010); *see also Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 988-89 (¶56) (Miss. 2004) (presuit notice was not sent to "the President of MVSU" as "the chief executive officer of the [university]," so "there was no notice given" when there was only a general "grievance [that] was not addressed to any particular person").

¶18. The presuit notice letter sent by Lowe was not addressed to anybody at all. It carried only the heading: "Dear Owner/Legal Department." There was no attempt at all to list the chief executive officer of the proper governmental entity. Therefore, we find Lowe's presuit notice defective on its face as it did not comply with the statute.

¶19. Our decision in *Esco* is instructive regarding the result we must reach. Due to deficient presuit notice on the wrong person, we held that the plaintiff's causes of action had run in the meantime since she "failed to provide the County with proper pre-suit notice and, therefore, her statute of limitations . . . expired," meaning her complaint was "untimely." *Esco*, 331 So. 3d at 552 (¶24). We further determined the "complaint must be dismissed with prejudice," as nothing could cure her failure to send presuit notice to the chancery clerk. *Id.* Likewise, it would have been fruitless to allow the plaintiff in that case to amend her complaint, as she had requested, since "her proposed amended complaint merely added

6

language to her causes of action and did not cure the primary problem—[plaintiff's] failure to give proper pre-suit notice to the County." *Id.* at 552-53 (¶25); *see Jones*, 2024 WL 3715816, at *3 (¶12) (similarly finding deficient presuit notice as the plaintiff provided it to the wrong person and holding "because Jones did not comply with this mandatory requirement, his lawsuit against the City must be dismissed").

¶20. Just as *Esco* and *Jones*, we are required to affirm the trial court's dismissal of Lowe's suit, as Lowe failed to provide proper presuit notice to the chief executive officer of the proper governmental entity. Accordingly, it was proper for the trial court to deny the motion to amend as well.

¶21. It has often been said that "a code lawyer is a dangerous lawyer." The attorney who closely reviews the ever-expanding statutes of our State will have an advantage over those who do not. The MTCA is a challenging and statute-specific area of law, and the State retains lawyers who are skilled in its intricacies. "The supreme court has noted that unfortunately, harsh results often ensue when a plaintiff fails to follow the proper procedures in MTCA cases." *Esco*, 331 So. 3d at 552 (¶24). This case joins the many that have entered the graveyard of appeals for lack of proper presuit notice on the correct entity and chief executive officer.

## CONCLUSION

¶22. Lowe's presuit notice did not strictly follow the statutory requirements of the MTCA. Specifically, Lowe failed to send presuit notice of her claim to the chief executive officer of the Mississippi Department of Wildlife, Fisheries and Parks. Therefore, we affirm the circuit

7

court's dismissal of Lowe's complaint.  In accord with our precedent, we remand for the limited purpose to "instruct the circuit court to enter its dismissal with prejudice."  *Id*. at (¶24).

¶23.    **AFFIRMED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**